8 Wheat. [21 U. S.] 605; Gledstanes v. Allen, 12 C. B. 202; Lamb v. Parkman [Case No. 8,020].

## Case No. 12,249.

### SALEM & L. R. CO. v. BOSTON & L. R. CO.

[21 Law Rep. 210.]

Circuit Court, D. Massachusetts. May Term, 1857.

REMOVAL OF CAUSES — APPLICATION FOR WRIT — WHAT MUST STATE.

An application for a writ of certiorari to remove a cause from a state court to the circuit court of the United States, under the act of congress of March 2, 1833 (4 Stat. 632), must state facts sufficient to enable the court to decide whether the case is one within the provisions of the act. It is not enough that the petitioner alleges in general terms that he intends to rely, in his defence to the suit, upon the revenue laws of the United States.

This was an application for a writ of certiorari, to remove to this court for trial the record of a cause pending in the supreme judicial court of the commonwealth of Massachusetts. The application was made under the act of March 2, 1833 (4 Stat. 632.) After alleging that a suit in equity had been brought and was pending in the state court against the petitioners as defendants, the application proceeded: "And the said defendants further represent, that in the defence of said suit or prosecution, they claim right, authority and title to do all the acts which have been done by them, and all the acts which they intend to do in the premises, under a revenue law of the United States of America, to wit, under the second section of an act of congress, passed and approved by the president of the United States of America, on the seventh day of July, in the year eighteen hundred and thirty-eight, entitled 'An act to establish certain post routes, and to discontinue others;' and under other revenue laws of the United States of America."

G. Minot and T. Wentworth, for petitioners.

R. Choate, contra.

CURTIS, Circuit Justice. The third section of this act [4 Stat. 632] provides in substance for the removal to this court of any suit or prosecution commenced in a state court against any person who asserts a justification or excuse for the act complained of, under the revenue laws of the United States. The first step towards such a removal is the presentation of such a petition as is required by the act. In enumerating the particulars which are to be contained in or are to accompany the petition, it is not expressly mentioned that the petition must show that the acts complained of in the suit or prosecution were done, or are asserted to have been done, under a revenue law of the United States. But as this is made by the act the essential cause for the removal, and is the only substantive ground, under the constitution of the

United States, for transferring the case from a state court to a court of the United States; and as the object of requiring a petition is to show the grounds for such a removal, and the allowance of the writ of certiorari and the removal of the case are based, by the act, on the petition, it cannot be presumed that the act has failed to require this main and essential ground to be shown by the petition The mode in which the act of congress has provided for this is in the requirement that the petition should set forth "the nature of the case." Having granted the right of removal in a case where the act complained of was done under or by color of the revenue laws of the United States, in other words, wherein there is a question to be tried whether a justification or excuse can be made out under those laws, and having provided for a petition to be filed showing "the nature of such suit or prosecution," the inference is that its nature must be shown, for the purpose of determining whether it be a case the removal of which is authorized. And if so, the petition must show a case of such a nature that there is to be tried in it a justification or excuse in some way arising under the revenue laws of the United States. It must be added that the facts stated must show such a case. It is not enough that the petitioner should show that a certain suit or prosecution has been commenced against him, and then should allege that he intends to rely on some revenue law of the United States in his defence. He must so far exhibit the nature of the case, including not only the grounds of the claim or complaint, but of his defence thereto, that, upon the facts, it may appear that some material question may arise under those laws. Otherwise the petition would not state a case for removal, but only the request of the petitioner, and his opinion and that of his counsel that he had such a case. I do not think the just interpretation of the act authorizes a writ of certiorari upon such a statement of the mere opinion of the petitioner and his counsel. In compliance with the requirement of the statute to state the nature of the case, facts, and not merely opinions or conclusions of law, should be set forth, so that it may appear whether in judgment of law such a case exists as enables the petitioner to call for a removal.

As was said by Chief Justice Marshall, in Randolph v. Barbour, 6 Wheat. [19 U. S.] 127: In summary proceedings, where a court exercises an extraordinary power, under a special statute prescribing its course, we think that course ought to be exactly observed, and those facts especially which give jurisdiction ought to appear, in order to show that its proceedings are coram judice. Nor does the provision that this writ may be issued by the clerk, in vacation, show that such facts as in judgment of law are essential to make a case of jurisdiction, need not be stated in the petition. For though the clerk cannot exercise any part of the judicial

power of the United States, and therefore cannot say with any conclusive effect whether a case is or is not made by the petition, yet whenever the court is next in session, a motion to quash the certiorari issued by the clerk, and remand the cause, because the petition does not show a case for removal, would bring the judgment of the court to operate on the petition and to decide whether it was sufficient. Besides, this argument that the petition need not state a case which in point of fact showed a defence under the revenue laws of the United States to be possible, in judgment of law, because in vacation the clerk is required to issue the writ, would exempt the petitioner from every requirement of the statute. Some judgment and discretion and knowledge of the law are necessary for the performance of the duty, to see that the petition contains what is required by the statute upon any construction which may be given to it. This is to be done by the clerk, if in vacation. If he does the act, he acts ministerially, and in subordination to the controlling power which the court exercises over the acts of all its officers. If the court does the act, it acts judicially and finally, subject only to appellate power. But whether one or the other allows the writ, the requirements of the statute must be complied with, whatever those requirements may be.

The case is this. A suit or prosecution has been rightly commenced and is pending in a court of a state; it is to be removed from that jurisdiction, and transferred to a court of the United States by an exercise of the supremacy of the constitution and laws of the United States. It is reasonable in itself, and is demanded by the long settled rules concerning similar cases, that the facts constituting a case or the exercise of that supremacy, under the constitution and laws of the United States, should appear on the record as the basis of the jurisdiction. So it was held from the origin of our federal courts, even where suits were originally commenced therein; so it was required by the twelfth section of the judiciary act of 1789 [1 Stat. 73], and so I consider it is required by this act, when it says, "the nature of the case" must be set forth. The petition now presented does not meet this requirement. It does not state any case which enables the court to see that its nature is such that the acts complained of were done, or alleged to be done, under any revenue law of the United States; or that its trial will, in any way, involve an adjudication upon any defence arising under one of those laws. It represents the opinion of the petitioners and their counsel, that the acts complained of were done under and by virtue of a particular law specified, and other revenue laws. If the acts complained of, and the other facts constituting the nature of the case, were exhibited, the court might or might not accord with the opinion expressed in the petition. But before it acts it must form its own opinion upon

that question on which its jurisdiction depends, viz., whether this suit, the removal of which is prayed, is founded on anything done under the revenue laws of the United States, or under color thereof; and to form such opinion it must be possessed of the facts upon which that opinion is a conclusion of law.

For the reason that this petition shows no such case, its prayer must be denied. Nor is this merely a technical objection, one which, being disregarded, there is still matter enough on the face of the petition to enable the court to act upon its merits. In my opinion the question whether a law concerning the carriage of the mail is a revenue law, within the meaning of the act of 1833, now in question, cannot safely be determined upon a mere inspection of the law itself without knowing what are the particular facts upon which the question arises. I am not now prepared to say, that under no circumstances can a right or title be claimed under such a law, which would enable the defendant in a suit or prosecution to remove the case to this court for trial under the act of 1833; I must judge on each case as it arises, and to do so I must know what this act terms "the nature of the case." Petition dismissed.