STATE OF ALABAMA v. PEAK.

(District Court, S. D. Alabama.   September 18, 1918.)

No. 4563.

REMOVAL OF CAUSES ⊙═>87—CRIMINAL PROCEEDINGS—SUFFICIENCY OF PETITION.

The petition of a United States revenue officer for removal of a prosecution for grand larceny instituted against him in state court *held* sufficient under Judicial Code, § 33 (Comp. St. 1916, § 1015), as it alleged that petitioner was a revenue officer, and that the prosecution arose out of a transaction in which he was discharging his official duties, though the petitioner denied he was guilty of any larceny, etc.

Joe Peak was indicted in the Alabama circuit court for grand larceny, and the cause was removed to the federal court on petition, under Judicial Code, § 33.   On motion to remand.   Motion denied.

N. R. Clarke, State Sol., of Mobile, Ala., for movant.
H. T. Pegues, Asst. Dist. Atty., of Mobile, Ala., for respondent.

ERVIN, District Judge.   This matter comes on to be heard on the motion by the state of Alabama to remand the case of Joe Peak to the state court for trial, in which it is claimed: First, that the petition of the defendant to remove the above-entitled cause from the circuit court of the Thirteenth judicial circuit, at Mobile, to this court, denies that he committed the larceny complained of in the indictment; second, that the petition does not state facts entitling petitioner to a removal of the above-entitled cause from said circuit court to this honorable court. It will be seen at once that the question for decision is one of pleading, and arises on the sufficiency of the petition in this case, which reads as follows:

"Your petitioner, Joe Peak, respectfully shows unto your honor that heretofore, on, to wit, the 27th day of February, 1918, at a preliminary hearing held before the Honorable Henry Chamberlain, judge of the inferior criminal court for Mobile county, Alabama, he was tried upon a charge of grand larceny alleged to have been committed by him in Mobile county, Alabama, and was on said date bound over by said judge to await the action of the grand jury for said county, and that he gave bond in the sum of $250 for his appearance; that on, to wit, the 14th day of March, 1918, the grand jury aforesaid returned an indictment against him into the circuit court of Mobile county, Alabama, at Mobile, charging that he feloniously took and carried away one hundred and seventy-five dollars in lawful currency of the United States of America, the personal property of James W. Lenford, said crime alleged to have been committed in Mobile county, Alabama, within the Southern district of Alabama.

"Your petitioner further shows that no grand larceny was committed by him; that he did not feloniously take and carry away the said sum of money, or any other sum, the personal property of James W. Lenford, but that at the time of the alleged act for which he was indicted he was an officer duly appointed under, and acting by authority of, a revenue law of the United States, that is to say, he was a narcotic inspector, duly appointed and acting under an act of Congress approved December 17, 1914, commonly known as the Harrison Narcotic Act, which is an internal revenue law; that he had been assigned for work as such inspector under Hon. Daniel L. Porter, reve-

nue agent in charge of the states of Tennessee and Alabama, with headquarters at Nashville, Tenn.; that he was in Mobile, Alabama, and surrounding territory, under the directions and by instructions from Hon. Daniel L. Porter, revenue agent aforesaid, for the purpose of investigation into violations of the said act, as well as of all other internal revenue laws, including the laws in reference to vinous, spirituous, or malt liquors; that in the course and scope of his said duties as such inspector he had proceeded to the roadhouse of one Ed. Murray, situated some seven or eight miles from the city of Mobile, Ala., to investigate alleged violations of the internal revenue laws, and that he had secured valuable evidence and was on his way back to Mobile to report the same to his superior officer, when the alleged act for which he was indicted occurred; that is to say, on his return journey to Mobile he encountered one James W. Lenford, who was in an automobile with his chauffeur, petitioner likewise being in an automobile with a chauffeur, there also being other persons in Lenford's automobile, all of whom had been to Murray's roadhouse and were returning to Mobile; that said Lenford afterwards claimed that he had been robbed of some money while on said return journey, and when he reached Mobile had warrants issued for petitioner and the two chauffeurs; but petitioner emphatically denies that he was on said occasion, or any other occasion, guilty of any act of grand larceny of the felonious taking of Lenford's or any one else's money; but that the whole course of his conduct and acts on said occasion was in the performance of his official duties as aforesaid.

"In view of these facts, your petitioner prays that the said cause be removed from the circuit court of Mobile county, Alabama, to the District Court of the United States for the Southern District of Alabama, and that the appropriate writ issue. And as in duty bound, he will ever pray.

"[Signed] Joe Peak, Petitioner."

The act under which the petition was filed reads as follows:

Section 33, Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1097 [Comp. St. 1916, § 1015]): "When any civil suit or criminal prosecution is commenced in any court of a state against any officer appointed under or acting by authority of any revenue law of the United States, now or hereafter enacted, or against any person acting under or by authority of any such officer, on account of any act done under color of his office, or of any such law, or on account of any right, title, or authority claimed by such officer or other person under such law, * * * the said * * * prosecution may, at any time before the trial or final hearing thereof, be removed for trial into the District Court next to be holden in the district where the same is pending, upon the petition of such defendant to said District Court, and in the following manner."

The motion is undoubtedly based upon the case of State of Illinois v. Fletcher (C. C.) 22 Fed. 776, and that case was pressed upon me in the argument. It is urged that, because the petitioner alleges that he "did not feloniously take and carry away said sum of money, or any other sum," and further denies that he was "guilty of any act of grand larceny, or the felonious taking of Lenford's or any one else's money," under the ruling in 22 Fed. 776, this case must be remanded.

In the first place, it occurs to me that the state's attorney overlooked the distinction between the denial of an act and a denial of the criminality of such act; in other words, that where petitioner denies that he was guilty of grand larceny, or the felonious taking of money, this is merely a denial that the act as done was a criminal one, and distinctly constituted a denial that the taking was a felonious one, in that there was no felonious intent in the taking. If petitioner was required to specifically admit the facts as charged in the indictment, and the intent

also charged, this would amount to a plea of guilty, and there would be nothing to try in the federal court; all that would be required would be to enter a judgment.

The argument is based upon the following language, as used in the case in 22 Fed. 778:

"It is charged in the indictment that the petitioner shot and murdered William Curnan on the 4th day of November, 1884, in the county of Cook, state of Illinois, and the petition distinctly asserts that 'neither of them fired any shot nor did any act by reason of which the said Curnan came to his death, as set forth in the indictment.' If they neither did the shooting, nor in any way contributed to Curnan's death, it follows that they have not been indicted for an act or acts done by them as deputy marshals of the United States, and this court has no right to interfere with the jurisdiction of the state court. It is true the petition contains an averment that the indictment was found against the petitioners for acts done by them, if done at all, as deputy marshals of the United States, while in the performance of their duties as such. They did the killing, or contributed to it, or they did not; and nothing short of a positive averment that they did the act for which they stand in-·dicted, and did it in the line of their duty as deputy marshals of the United States, or under color of their authority as such officers, will entitle them to a removal of the case from the state court to this court for trial."

It will be observed in this case that the petition undertakes to set out the facts which it is averred constitute the acts for which they were indicted, and it is held in this sort of case, just as it is in others, that, where the facts are set out, they should be sufficient to establish the right of removal claimed by petitioner. Volume 2, 5th Edition, Foster's Fed. Practice, where it is said:

"It has been held that a petition by a revenue officer is sufficient if it avers in general language that the suit or prosecution in the state court which it describes was brought against him for or on account of an act done by him under a revenue law of the United States, without specifying the facts. Where, however, the petitioner, in addition to the general averment in the statutory language, sets forth the specific facts of the case, and it appears that they do not fall within the statute, the case will be remanded."

This same rule is laid down in the case relied on by the state's attorney, because in the paragraph which precedes the one just quoted is found in the following language:

"If the petition simply averred that the defendants stood indicted in the state court for an act done by them as deputy marshals, or under color of their office, or the law authorizing their appointment, and defining their powers and duties, without describing the act or circumstances under which it was committed, it would, perhaps, be the right and duty of this court to assert jurisdiction of the case; at least, until it should appear that the claim was unfounded. Tennessee v. Davis, 100 U. S. 257 [25 L. Ed. 648]."

It will be observed that the petition in the instant case does not undertake to set out the facts which transpired on the return journey to Mobile, when he met Lenford, and is accused in the indictment of feloniously taking Lenford's money. The petition contents itself merely by stating that:

"Lenford afterwards claimed that he had been robbed of some money while on said return journey, and when he reached Mobile had warrants issued for petitioner and the two chauffeurs; but petitioner emphatically denies that he was on said occasion, or any other occasion, guilty of any act of grand

larceny or the felonious taking of Lenford's or any one else's money; but that the whole course of his conduct and acts on said occasion was in the performance of his official duty as aforesaid."

Certainly the conduct and acts on said occasion referred to the occasion of the meeting of the two automobiles, one occupied by Lenford and the other by petitioner, when it is alleged the felonious taking took place, and this petition sets up in general terms that the whole course of petitioner's conduct and acts on said occasion was in the performance of his official duties as aforesaid, meaning, as I take it, in the performance of his duties as a revenue officer.

It seems to me, therefore, that the petition is sufficient under the terms of the decision relied on by the state of Alabama; but I cannot pass the question without stating that I am not at all satisfied with the correctness of the position taken by the court in State of Illinois v. Fletcher, that nothing short of a positive averment that petitioners did the act for which they stand indicted, and did it in the line of their duty as deputy marshals of the United States, or under color of their authority as such officers, will entitle them to the removal of the case from the state court to this court for trial.

It is true that the terms of the act as written give the right of removal when a suit or criminal prosecution is commenced against a revenue officer on account of any act done under color of his office. I do not, however, concede that the accused must necessarily admit the doing of the specified act in the terms as charged in the state indictment. I think that he has just as much right, if whatever act he did was under color of his office, to have the benefit of a trial of the facts in the federal court, as well as to try the question of the intent with which these acts were done.

The accused might well deny that he is guilty of the specified acts with which he is charged, and yet concede that he did do certain acts at that time, but deny that he did the acts he is specifically charged with. The facts may be so charged in the indictment as to involve a confession, if conceded as charged. The officer may admit doing an act, but claim that the statement of facts in the indictment are incorrectly stated.

The terms of the Removal Act provide that, when a criminal prosecution is commenced in a state court against any officer "on account of any act done under color of his office or of any such law," it may be removed. Certainly the officer must admit the doing of some act under color of his office or of the law for which he is indicted, but he is not required to admit the doing of the acts as charged in the indictment.

A careful reading of the case of Illinois v. Fletcher does not to me preclude the construction I give of the act; but, as it is so construed by the state's attorney, I feel impelled to enter my protest against the construction given by the state's attorney. I think, if the other essentials are present, he should have the right to try in the federal court the act charged, under the terms in which it is charged, as well as the intent with which the acts were done.

The petition in the instant case seems to have been written and conformed to the petition shown in Tennessee v. Davis, 100 U. S. 25, 25

L. Ed. 648. In that case the accused was indicted for murder, and in the petition, after stating that he was indicted for murder, he—

"alleges and further shows that no murder was committed, but, on the other hand, the killing was committed in his own necessary self-defense, to save his life; that at the time the alleged act for which he was indicted was committed he was, and still is, an officer of the United States, to wit, a deputy collector of internal revenue, and the act for which he was indicted was performed in his own necessary self-defense, while engaged in the discharge of the duties of his office as collector of internal revenue, and was acting by and under the authority of the internal revenue laws of the United States, and was done under and by right of his office, to wit, as deputy collector of internal revenue."

Two things will be noticed here. In the first place, the petition does not admit specifically the doing of the acts with which he is specifically charged, for it states, "at the time the alleged act for which he was indicted was committed"; and, in the second place, there is no statement of the facts as to how the man whom petitioner is accused of murdering was killed, but there is a general statement that at the time of the doing of these acts for which he is indicted, the petitioner was engaged in the discharge of his duties as a deputy collector of revenue. The Supreme Court opinion (100 U. S. on page 263, 25 L. Ed. 648) says:

"If, when thus acting, and within the scope of their authority, those officers can be arrested and brought to trial in a state court, for an alleged offense against the law of the state, yet warranted by the federal authority they possess, and if the general government is powerless to interfere at once for their protection," etc.

Again (100 U. S. on page 271, 25 L. Ed. 648) the court says:

"It ought, therefore, to be considered as settled that the constitutional powers of Congress to authorize the removal of criminal cases for alleged offenses against state laws from state courts to the Circuit Courts of the United States, when there arises a federal question in them, is as ample as its power to authorize the removal of a civil case."

In each of these quotations the court refers to the alleged offense, but nowhere requires that there must be an admission by the petitioner that he did the specified act, in the terms in which it is charged in the indictment as being a criminal offense.

In the petition in Davis v. South Carolina, 107 U. S. 597, 2 Sup. Ct. 636, 27 L. Ed. 574, another case where the petitioner was indicted for murder, the facts are set out by the petitioner; but when he comes to the actual killing, while he says that the killing was done by a gun in his hands, he charges that the gun was accidentally discharged, and yet the Supreme Court held in that case that because, at the time the gun is alleged to have been accidentally discharged, petitioner was acting as a member of a posse to arrest the man, he was entitled to have his case removed to the federal court for trial.

It seems to me the rule as to the relationship of the officer and the act committed by him is laid down in People's United States Bank v. Goodwin (C. C.) 162 Fed. 945, where the court says:

"In my opinion, to permit the removal of a cause under this section of the law, the acts which constitute the cause of action must have some rational connection with official duties under a 'revenue law,' and in some way affect

the revenue of the government. It could hardly be claimed that even a revenue collector, if sued for some act claimed to have been committed in the performance of his official duties, would have the right to remove the cause, under section 643, if neither the declaration nor petition for certiorari showed that the act for which he was sued was in fact in the performance of an official duty imposed on him by law, having some relation to the collection of revenue for the government. These facts must appear on the face of the complaint in the action, or in the petition for the writ of certiorari; otherwise, a national court is without jurisdiction.

It is urged that there can be no right of removal where one is charged with a larceny, because there could be no possible connection between the official capacity of a revenue officer and the felonious taking of money or property. This proposition is so manifestly unsound that I think it needs but one statement to refute it. Suppose a revenue officer, finding money or property in the possession of a man he was pursuing or seeking to make a case against, and he abstracts this money or property to be used as evidence in a prosecution against the person in whose possession it was found. Unexplained, the taking and carrying away by the officer of the money would constitute larceny; but, when it was shown that it was taken and carried away for the purpose of being preserved and used in the prosecution of such person, there would be no criminality in the act.

In my opinion, the petition, stating as it does, in general terms, that the act or acts done by petitioner on said occasion were in performance of his official duties as a revenue officer, makes a case for removal, and the motion to remand will therefore be denied.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes