## STATE OF OREGON v. WOOD et al.

(District Court, D. Oregon. November 22, 1920.)

No. 9031

1. **Removal of causes ☞85½, New, vol. 9A Key-No. Series—Petition signed by United States attorney for revenue officers held petition of defendants.**

    A petition, signed by the United States attorney and stating that it was presented as the petition of certain revenue officers indicted in the state court, *held* the petition of the defendants, within Judicial Code, § 33 (Comp. St. § 1015), authorizing suits against revenue officers to be removed to the federal courts upon defendants' petition.

2. **Removal of causes ☞85½, New, vol. 9A Key-No. Series—Affidavit by one of several petitioners sufficient.**

    Under Judicial Code, § 33 (Comp. St. § 1015), providing that suits against revenue officers may be removed to the federal courts on a petition verified by affidavit, it is sufficient that the affidavit be executed by one of the several petitioners.

3. **Removal of causes ☞85½, New, vol. 9A Key-No. Series—Writ proper in proceedings removed to federal court when defendants are out on bail.**

    Under Judicial Code, § 33 (Comp. St. § 1015), providing that suits against revenue officers in state courts may be removed to the federal courts by issuing a writ of certiorari when the suit was commenced by any process except capias, and by habeas corpus when commenced by capias or a similar proceeding, the issuing of a habeas corpus writ is the correct procedure where defendants had been released on bail by the state court.

4. **Removal of causes ☞22—Officers enforcing federal prohibition law entitled to remove prosecutions against them in state courts.**

    Federal revenue officers indicted, in the state court for killing a man while enforcing the National Prohibition Act, may remove the proceedings to a federal court under Judicial Code, § 33 (Comp. St. § 1015), authorizing removal of proceedings against revenue officers, etc.

5. **Removal of causes ☞85½, New, vol. 9A Key-No. Series—Petition by revenue officers held sufficient.**

    Under Judicial Code, § 33 (Comp. St. § 1015), providing that proceedings in state court against revenue officers may be removed to a federal court on a petition setting forth the nature of the suit or prosecution, a petition alleging that the indicted persons are revenue officers, and were acting as such at the times mentioned in the indictment, that the case was pending in the state court, and no trial had been had thereon, etc., *held* sufficient.

Motion by the State of Oregon against W. R. Wood, E. M. Jackson, William D. Morris, James J. Biggins, and Delazon C. Smith, to set aside an order directing a writ of habeas corpus cum causa to issue, and to quash the writ. Motion to quash denied.

Walter H. Evans, Dist. Atty., of Portland, Or. (Barnett H. Goldstein, of Portland, Or., of counsel), for the State of Oregon.

Lester W. Humphreys, U. S. Atty., and John C. Veatch, Asst. U. S. Atty., both of Portland, Or., for defendants.

WOLVERTON, District Judge. This is a motion on the part of the state of Oregon to set aside an order of this court, heretofore made, directing a writ of habeas corpus cum causa to issue, and to quash

the writ. The motion is resisted by the United States attorney. It is based mainly upon the supposed insufficiency of the petition for the writ, but questions also that the proper writ has been adopted.

The defendants were indicted in the state court, by the grand jury of Multnomah county, upon the charge of involuntary manslaughter, for having killed one Robert W. Hedderly while they were in the performance of a lawful act. The removal to this court is sought upon the ground that the defendants are officers appointed, under the revenue laws of the United States, by the Commissioner of Internal Revenue, and were acting by authority of the revenue laws of the United States at the time Hedderly was killed. Section 33, Judicial Code (Comp. St. § 1015).

[1] It is insisted that the petition is not the petition of the defendants, as required by the removal statute. The petition reads:

"Now comes Lester W. Humphreys, United States attorney for the district of Oregon, acting under instructions from the Attorney General of the United States, and, as such United States attorney, presents the petition of W. R. Wood, James J. Biggins, and Delazon C. Smith, who show to the court," etc.
    "[Signed]          Lester W. Humphreys, United States Attorney."

I am of the opinion that this must be held to be the petition of defendants. It is the constant practice for complaints and petitions to be signed by the attorneys for complainants and petitioners. Such was the case in Tennessee v. Davis, 100 U. S. 257, 25 L. Ed. 648, where the petition was signed by James A. Warder, attorney. It purported to be the petition of James M. Davis, however. It is the province of the United States attorney to act for the petitioner, although at the same time he is concerned, by virtue of his office, in seeing that the revenue officers are not deterred in the performance of their duties. Hughes, Fed. Procedure (2d Ed.) 349, 350.

In language, the United States Attorney "presents the petition" of petitioners, naming them. This is tantamount to presenting the petition for and in behalf of the petitioners, and thereupon he signs as United States attorney. I see no reason why the United States attorney, appearing both for petitioners and for the government, as the petition itself shows, may not sign in that way, and why such a petition so signed may not be considered to be the petition of Wood, Biggins, and Smith. It is obvious that the petitioners are the moving parties, and that the United States attorney is acting for them. The signing, therefore, is quite as authoritative as the signature of the attorney in the Davis Case, supra. Viewed in this light, the petition meets the requirement of the statute.

[2] The petition is verified by Wood alone. The statute merely requires that it be verified by affidavit. Presumably this means that it shall be verified by the petitioner. Where there are several petitioners, verification is usually made, in common practice, by one of them. Such a verification, I have no doubt, is within the purview of the statute, and is sufficient. While a valid petition, duly verified, is necessary to give jurisdiction to the Federal court on removal, the statute has prescribed no technical form of petition and verification to be observed, and common usage, in legal practice, is probably all that was intended.

[3] Another question is presented; that is, as to whether the form of the writ adopted is regular and sufficient for the purpose of procuring the removal. The federal court acquires jurisdiction, on removal from the state court, only after service upon it or its clerk of the appropriate process, whether certiorari or habeas corpus cum causa, by which the clerk is notified of the filing of the petition in the federal court. After such notice, all proceedings are stayed in the state court. Virginia v. Paul, 148 U. S. 107, 115, 13 Sup. Ct. 536, 37 L. Ed. 386. It is essential, therefore, that the appropriate writ be adopted for acquirement of federal jurisdiction. The statute seems to be clear as to what writ should be issued. It reads:

"When the suit is commenced in the state court by summons, subpœna, petition, or any other process except capias, the clerk of the District Court shall issue a writ of certiorari. * * * When it is commenced by capias or by any other similar form of proceeding by which a personal arrest is ordered, he shall issue a writ of habeas corpus cum causa."

It is further provided by the same section that:

"If the defendant in the suit or prosecution be in actual custody on mesne process therein, it shall be the duty of the marshal, by virtue of the writ of habeas corpus cum causa, to take the body of the defendant into his custody, to be dealt with in the cause according to law and the order of the District Court."

It is elsewhere provided that:

"All bail and other security given upon such suit or prosecution shall continue in like force and effect as if the same had proceeded to final judgment and execution in the state court."

The defendants in the present case were out on bail, when their petition for removal was filed in this court and the writ was sought, so there was no occasion for the marshal to take them into custody. Their bail answers for their appearance here.

Should the writ have been certiorari or habeas corpus cum causa? Capias denotes:

"A writ directing the sheriff to take the person of the defendant into custody. * * * Being the first word of distinctive significance in the writ when writs were framed in Latin, it came to denote the whole class of writs by which a defendant's person was to be arrested." 1 Bouvier's Law Dictionary, 418.

The statute comprises capias or other similar form of proceeding by which a personal arrest is ordered. It is obvious that there are two classes of proceedings which dominate the form of the writ. One is when the suit is commenced by summons or like process, except capias, and the other is when commenced by capias or other similar form of proceeding. Certiorari is appropriate in one class, and habeas corpus cum causa in the other; this whether the petitioner is in custody or out on bail. If in custody, then the marshal must take him in his custody, and produce him here; but, if out on bail, the bail answers for his personal appearance in this court. Obviously, however, the writ should be the same in either event. While, by a technical consideration of the two writs, certiorari would be the more appropriate when the defendant is out on bail, it is sufficient that the statute has

not so regarded it, but has prescribed the writ of habeas corpus cum causa. State of Virginia v. Felts (C. C.) 133 Fed. 85.

State v. Sullivan et al. (C. C.) 50 Fed. 593, seems to hold that the writ of certiorari would be sufficient; but I doubt it. However that may be, I am of the opinion that the writ of habeas corpus cum causa was properly issued in the present case.

[4] It is another contention that the proceeding under which the removal was had can be invoked only when a revenue law affecting the revenue of the United States is involved. It may be conceded for the purposes of this case that the defendants, when attempting the arrest of Hedderly, were acting under and for the enforcement of the National Prohibition Act. 41 Stat. 305. Section 2, title 1, of that act, charges the Commissioner of Internal Revenue, his assistants, agents, and inspectors, with the duty of investigating and reporting violations thereof to the Attorney General. These officers may also, subject to the control of the United States attorney, conduct the prosecution at the committing trial for the purpose of having offenders held to the action of a grand jury. By section 28, title 2, these and all officers whose duty it is to enforce criminal laws, are accorded all power and protection in the enforcement of the act, or any provisions thereof, that are conferred by law for the enforcement of existing laws relating to the manufacture or sale of intoxicating liquors under the laws of the United States.

It can hardly be disputed that the then existing laws relating to the manufacture and sale of intoxicating liquors were revenue laws, one of the functions of which was to produce revenue for the general government. Like protection to that extended to the revenue officers acting under the revenue laws is expressly extended to the same officers acting under the prohibition act. This in itself is sufficient to answer the contention. But, beyond this, it is manifest that this is a revenue act, as well as a prohibition act, as witness sections 35 and 37 of title 2, and other provisions of the act. While, therefore, the defendants may not have been engaged in enforcing a clause relating to the collection of revenue, it is obvious that it was intended, nevertheless, that they should receive the same protection as though they were so acting. The contention, as applicable here, is therefore not well taken.

[5] The next contention relates to the sufficiency of the petition. The proposition that the petitioner must state facts sufficient to enable the court to decide whether the case is one within the provisions of the act is sound. Nor is it enough that the petitioner alleges in general terms that he intends to rely in his defense to the prosecution upon the revenue laws of the United States. Salem & L. R. Co. v. Boston & L. R. Co., 21 Fed. Cas. 229, No. 12,249. See, also, Ex parte Smith, 94 U. S. 455, 24 L. Ed. 165.

The statute requires that the petition shall set forth the nature of the suit or prosecution. The petition shows that petitioners are officers appointed, under the revenue laws of the United States, by the Commissioner of Internal Revenue. This is the allegation of a fact, and not a conclusion. Then it is alleged that, on a date named, a criminal

prosecution was commenced in the state court, specifying the court, against the petitioners and others, wherein the grand jurors of such court indicted petitioners for involuntary manslaughter, and charged that petitioners, while in the performance of a lawful act, killed one Hedderly by shooting him, which indictment is still pending, no trial having been had. Then it is further shown that petitioners did not kill Hedderly; that at the time of the occurrence of the act for which petitioners were indicted they "were and still are officers of the United States as aforesaid," and were acting as such officers and under color of their office, to wit, attempting to effect the arrest of Hedderly; that petitioners believed Hedderly was in the act of violating the revenue and prohibition laws of the United States, and for that reason the arrest was attempted; that such attempted arrest was the same act as referred to in the indictment as the performance by petitioners of a lawful act.

It appears from the petition that petitioners were indicted in the state court, and the charge made against them is specified, and, further, that the indictment is still pending, and that no trial has been had. These also comprise statements of fact, and not conclusions. So do the subsequent statements. It was not essential that the officers state more fully the capacity in which they were acting. The court can readily deduce from these allegations that they were acting for the enforcement of the revenue and prohibition laws. Nor was it essential that the petition state more fully the reason why petitioners attempted to make the arrest, or, that it state more precisely, what revenue laws they were acting under, or that such laws were still in force, or what particular acts Hedderly was engaged in at the time.

I think it quite sufficient, under the statute, that it appear that the petitioners have been indicted in the state court, and with what they are charged; that they are revenue officers, and that, at the time the act occurred of which complaint is made against them in the indictment, they were acting in the capacity of such revenue officers, and were attempting to enforce the revenue and prohibition statutes of the United States; that the indictment is pending in the state court, and that no trial has been had thereon. These are the essentials material to the removal. The petition states pertinent facts covering these essentials, and it is clear that it comports with the intendment of the statute. Tennessee v. Davis, supra; State v. Peak (D. C.) 252 Fed. 306.

Further criticism of the petition consists in the argument that, as it is represented that petitioners did not kill Hedderly, the representation is tantamount to a denial of doing the very act for which they now claim protection, and therefore it was incumbent upon petitioners to show a justification of their act; that is, that it was done under color of their office as revenue officers of the United States. There is a fallacy in the reasoning in two particulars: First, the petition does show that the act was done under color of their office as revenue officers; and, second, it may well be that petitioners did not kill Hedderly, but nevertheless they are indicted for killing him, and the essential allega-

tion for the purposes of this inquiry is that the act charged against them was done under color of their office. Their real defense will come later. State v. Peak, 'supra.

The motion to quash will be denied.