## In re HIGGINS.

### MORSE v. HIGGINS.

(District Court, D. New Hampshire. May 24, 1921.)

**Removal of causes ⊙⟹19(10)—Proceeding against prohibition agent removable.**

> As Prohibition Act, § 28, seems to contemplate federal protection to officers acting under its authority, and as the act, while primarily a penal law, has some revenue features, actions against a federal prohibition agent for his acts under the law will be removed from the state court where begun.

At Law. In the matter of the petitions of James A. Higgins for removal to the federal courts of two actions, one by Frank Morse and the other by Cora Morse, against petitioner, pending in a state court of New Hampshire. Certiorari issued.

See, also, 273 Fed. 830.

John M. Stark and Robert W. Upton, both of Concord, N. H., for plaintiff.

Fred H. Brown, U. S. Atty., of Somersworth, N. H., for defendant.

ALDRICH, District Judge. There were earlier petitions in these cases, which were denied April 18, 1921.

The present petitions bring out more clearly than the former ones the relations which prohibition agents sustain to the revenue features of the National Prohibition Act, 41 Stat. 305.

⊙⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Section 28 of the Prohibition Act seems to contemplate federal protection to officers acting under its authority.

Judge Wolverton of the Oregon district, in a recent case in an elaborate opinion (State of Oregon v. Wood, 268 Fed. 975) holds that cases against officers appointed under the federal law in question are removable from state to federal courts under the provision of the act for the protection of revenue officers.

It seems rather unfortunate that authority to do this must, in a large degree, at least, be rested upon the ancient acts for the protection of revenue officers—acts which, primarily had reference to the protection of officers who were distinctively revenue officers. Yet I am disposed to follow the reasoning of Judge Wolverton.

Certiorari to issue in both cases.