### STATE OF FLORIDA v. PETERS (two cases).

(District Court, S. D. Florida. November 7, 1922.)

Removal of causes ⬦⟹22—Prosecution of United States officer removable.

Prosecution by a state against a revenue officer for acts done while acting as such *held* removable under Judicial Code, § 33 (Comp. St. § 1015).

Criminal prosecutions by the State of Florida against William P. Peters. On motion to quash petitions for removal. Denied.

A. G. Hartridge, of Jacksonville, Fla., for the State of Florida.

Maynard Ramsey, Asst. U. S. Dist. Atty., of Jacksonville, Fla., for petitioner.

CALL, District Judge. This cause was removed from the county judge's court of Nassau county, Fla., to this court upon petition of the defendant.

A motion was made by the state of Florida to quash the petition and writ of habeas corpus cum causa on six grounds. It will not be necessary to notice each ground separately.

The cause was removed to this court under the authority of section 33 of the Judicial Code (Comp. St. § 1015), which is as follows:

Section 33, Judicial Code, as applicable to the question made by the motion in this case, provides as follows:

"When any * * * criminal prosecution is commenced in any court of a state against any officer appointed under or acting by authority of any revenue law of the United States * * * on account of any act done under color of his office or of any such law, or account of any right, title, or authority claimed by such officer * * * under such law; * * * the said * * * prosecution may at any time before trial or final hearing thereof be removed for trial into the District Court next to be holden in the district where the same is pending."

Treating the motion to quash as a petition to remand, it is apparent under the authorities that it is sufficient.

The petitioner is a revenue officer in the meaning of the statute. The act for which he was prosecuted in the state court was done while acting as such, and the question of his guilt of the crime for which he is prosecuted is to be determined in the trial to be had in this court. The question of guilt or innocence cannot be determined in this proceeding. The only question to be determined here is: Was the case such as was properly removable to this court for trial? The act under which the removal was had having been declared constitutional by the Supreme Court and the petition complying with the requirements of the act, it seems to me that the motion in the case must be denied. It will be so ordered.

⬦⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes