## COMMONWEALTH OF MASSACHUSETTS v. BOGAN.

(District Court, Massachusetts. January 4, 1923.)

### No. 2346.

Removal of causes ⬿22—Prosecution against prohibition agent held removable as a "protection."

A criminal prosecution in a state court against a prohibition agent for an act committed in the performance of his duties is removable into a federal court, under Judicial Code, § 33, as amended (Comp. St. § 1015), and National Prohibition Act, tit. 2, § 28, providing that such agents "shall have all the * * * protection in the enforcement of this act * * * which is conferred by law for the enforcement of existing laws relating to the manufacture or sale of intoxicating liquors under the law of the United States."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Protect—Protection.]

Criminal prosecution by the Commonwealth of Massachusetts against Edward Bogan. On petition for removal to federal court. Granted.

Joseph T. Zottoli, of Boston, Mass., for petitioner.

Vincent Brogna, Asst. Dist. Atty., of Boston, Mass., for the District Attorney.

MORTON, District Judge. This is a petition for the removal from the superior court of Massachusetts to this court of a criminal prosecution charging the petitioner with the murder of one Sequeria. The petition alleges that the petitioner, Bogan, is a federal prohibition agent, and that while engaged in the performance of his duties he was attacked by Sequeria and shot him fatally in self-defense. The question is whether a federal prohibition agent, who has been indicted in a state court on account of acts done, as he alleges, in the performance of his duties as such agent, has the right to have the prosecution removed to the federal court for trial.

It is a question on which there has been a difference of judicial opinion. Judge Wolverton, in State of Oregon v. Wood (D. C.) 268 Fed. 975, held that such a case was removable. Judge Aldrich, in Re Higgins (D. C.) 273 Fed. 832, at first denied a petition for removal, but later, the petition having been redrafted and Judge Wolverton's decision having been called to his attention, held, although with hesitation, that the case was removable. Judge Evans, with both those decisions before him, held in a very elaborate opinion that there was no right of removal. Smith v. Gilliam (D. C.) 282 Fed. 628.

In view of recent decisions of the Supreme Court (see Lipke v. Lederer, 42 Sup. Ct. 549, 66 L. Ed. ——, it seems clear that the National Prohibition Act is not a revenue law, and it follows that prohibition agents are not "appointed or acting by authority of any revenue law of the United States." Judicial Code, § 33 (Comp. St. § 1015). The right of removal therefore depends upon the correct construction of section 28 of the National Prohibition Act (41 Stat. 305), which confers upon them "all the power and protection in the enforcement of this act * * * which is conferred by law for the enforcement of existing laws relating to the manufacture or sale of intoxicating liquors under the law of the United States." The right now claimed is obviously not a "power" in the enforcement of the act. Is it a "protection"? The natural meaning of the word would be protection against resistance or attack when carrying out their duties; and there are provisions in the revenue laws to which it might apply. The danger, however, which such an officer would incur in the performance of his duties, if subject to prosecution or suit in local courts, in perhaps an unfriendly atmosphere and surroundings, might be very considerable. In the case of revenue officers it was recognized by Congress as sufficiently serious to require a right of removal of cases against them to the federal courts as a protection to them in the discharge of their duties. Every reason which exists for such right in the case of revenue officers exists with respect to prohibition agents. While the question is not free from doubt, and I entirely share Judge Aldrich's view that it is unfortunate that the authority to remove should be of such uncertain character, I think that the right of removal is a "protection" to the prohibition agents in the enforcement of the act, within the meaning of section 28. It follows that the petition should be granted, and in accordance with the provisions of chapter 399 of the Statutes of 1916 (39 Stats. 532), a writ of habeas corpus cum causa must issue, removing the case to this court for trial.

The question of jurisdiction lies at the threshold of the case and is obviously of much general importance. The commonwealth of Massachusetts may, if so advised, apply for a certificate of the jurisdictional question to the Supreme Court of the United States.