## WOLKIN v. GIBNEY.

(District Court, S. D. New York. January 19, 1925.)

Removal of causes ⊜⟶21—Prohibition officers and agents not "revenue officers," within Judicial Code; "revenue act."

The National Prohibition Act (Comp. St. Ann. Supp. 1923, § 1038¼a et seq.) is not a "revenue act," and prohibition officers and agents are not "revenue officers," within Judicial Code, § 33 (Comp. St. § 1015), providing for removal to federal courts of actions brought in state court against revenue officers, notwithstanding National Prohibition Act, § 28.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Revenue Officer.]

At Law. Action by Isidor Wolkin against James J. Gibney. On defendant's motion to remand to state court. Granted.

This action was brought in the state court against a federal prohibition agent to recover damages for false arrest and malicious prosecution. The action was removed to this court on the ground that, in making the arrest, the defendant was acting in his capacity as a federal prohibition agent and under the authority of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), and the internal revenue laws of the United States, and while working under the direction of the division chief of the general prohibition agents appointed under the National Prohibition Act. The plaintiff now moves for an order remanding the action to the state court, because defendant is not a revenue officer, within the meaning of section 33 of the Judicial Code (Comp. St. § 1015).

Neil P. Cullom, of New York City, for plaintiff.

William Hayward, of New York City (John M. Ryan, of New York City, of counsel), for defendant.

BONDY, District Judge (after stating the facts as above). Notwithstanding Oregon v. Wood (D. C.) 268 F. 975, Morse v. Higgins (D. C.) 273 F. 832, Commonwealth of Massachusetts v. Bogan (D. C.) 285 F. 668, United States v. Commonwealth of Pennsylvania (D. C.) 293 F. 931, to the contrary, the motion is granted. The federal Prohibition Act is not a Revenue Act. See Lipke v. Lederer, 259 U. S. 557, 42 S. Ct. 549, 66 L. Ed. 1061. Prohibition officers and agents are not within the provisions of section 33 of the Judicial Code. In the court's opinion the provision of section 28 of the National Prohibition Act that all officers whose duty it is to enforce criminal laws shall have the protection in the enforcement of the act, which is conferred by law for the enforcement of existing laws relating to the sale or manufacture of intoxicating liquor under the laws does not give to such officers or agents the right to removal. See Smith v. Gillian (D. C.) 282 F. 628.