## STATE OF TEXAS v. HEATON et al.

District Court, N. D. Texas, Dallas Division.

May 21, 1932.

Elijah Crippen, Asst. U. S. Atty., of Dallas, Tex., for the application.

William McCraw, State Dist. Atty., of Dallas, Tex., opposed.

ATWELL, District Judge.

The three defendants are indicted separately in the state court for murder. Smith and Heaton were, at the time of the act complained of, national prohibition agents. Hoard was working for them as an informer. Such employment was within the authority of the agents.

In attempting to make an arrest of one Cox, a shooting resulted in which one McGlothlin was killed. The state contends that the killing was unjustifiable. The defendants maintain that it was in self-defense, and happened while they were in the performance of their duties as officers and helper.

After the indictment and while each was confined in the state jail and denied bail awaiting trial, these applications to remove were made. The two agents presented a joint application, and informer Hoard came in later.

Section 33 of the Judicial Code (28 USCA § 76), is a somewhat enlarged re-enactment of R. S. U. S. § 643. It provides, that: "When any * * * criminal prosecution is commenced in any court of a State against any officer appointed under or acting by authority of any revenue law of the United States * * * on account of any act done under color of his office or of any such law * * * the said suit or prosecution may at any time before the trial or final hearing thereof be removed for trial into the district court next to be holden in the district where the same is pending upon the petition of such defendant to said district court." Such an application shall contain a full disclosure of the facts—not conclusions but facts. Colorado v. Symes, 52 S. Ct. 635, 76 L. Ed. ——.

It is then provided that the cause shall be entered on the docket of the District Court and shall proceed as a cause originally commenced in that court, and that it is the duty of the state court to stay all further proceedings, and any further proceedings therein shall be void.

Since the case of Tennessee v. Davis, 100 U. S. 257, 25 L. Ed. 648, there is no doubt of the constitutionality of this act. There have been two or three District Courts that have held that it has no application to national prohibition officers, the argument being that they are not "revenue officers."

There are many indicia of revenue raising in the National Prohibition Act, as well as section 28 of title 2 thereof (27 USCA § 45), which specifically provides that "the commissioner, his assistants, agents, and inspectors, and all other officers of the United States, whose duty it is to enforce criminal laws, shall have all the power and protection in the enforcement of this chapter, or any pro-

visions thereof which is conferred by law for the enforcement of existing laws relating to the manufacture or sale of intoxicating liquors under the law of the United States."

This language indubitably settles any doubt as to the applicability of section 33 of the Judicial Code. That section was for the protection, originally, of revenue officers. Revenue officers operated for the enforcement of laws, "relating to the manufacture or sale of intoxicating liquors."

District Judge Bondy in Wolkin v. Gibney (D. C.) 3 F.(2d) 960, citing Smith v. Gilliam (D. C.) 282 F. 628, on the authority of Lipke v. Lederer, 259 U. S. 557, 42 S. Ct. 549, 66 L. Ed. 1061, remanded to the state court a suit against a prohibition officer, removed to his court by virtue of section 33. Lipke v. Lederer merely determined that the severe penalties of section 35 of title 2 of the National Prohibition Act (27 USCA § 52) could not be imposed in the manner that the collector in that particular case was attempting.

The case of the United States v. Doremus, 249 U. S. 86, 39 S. Ct. 214, 63 L. Ed. 493, concerning the Narcotic Act, determined that the incidental revenue features of the act could not be lost sight of because it also accomplished another purpose. As drastic for the suppression of beverage liquors as is the National Prohibition Act, one is brave indeed who does not find ample authority both in its direct provision and in its incidental workings for the operation of the provisions of section 33 for the protection of the agents who are carrying into execution its provisions. See Maryland v. Soper, 270 U. S. 9, 46 S. Ct. 185, 70 L. Ed. 449; Oregon v. Wood (D. C.) 268 F. 975; In re Higgins (D. C.) 273 F. 832; Com. of Massachusetts v. Bogan (D. C.) 285 F. 668; U. S. v. Commonwealth of Pennsylvania (D. C.) 293 F. 931; Hayes v. Smith (D. C.) 5 F.(2d) 684; People of State of Illinois v. Moody (D. C.) 9 F.(2d) 628; State of Maryland v. Ford (D. C.) 12 F.(2d) 289; Davis v. South Carolina, 107 U. S. 597, 2 S. Ct. 636, 27 L. Ed. 574; Findley v. Satterfield, Fed. Cas. No. 4792; State v. Hoskins, 77 N. C. 530; State of North Carolina v. Sullivan (C. C.) 50 F. 593; Ward v. Congress Const. Co. (C. C. A.) 99 F. 598; People's United States Bank v. Goodwin (C. C.) 162 F. 937; Carico v. Wilmore (D. C.) 51 F. 196; Carter v. State of Tennessee (C. C. A.) 18 F.(2d) 850.

The officer charged with the enforcement of laws must feel that there is back of him the power of the government he represents. This is an important element in such fearlessness as is necessary in a calling so hazardous and delicate.

In order that the state which has felt aggrieved may continue to have its finger on the proceedings, its representative appears in the national court and conducts the prosecution. If the petitioners are cast in the action, the fines or labors, or penalties, as the case may be, are for the benefit of the state. Even the law that it claims has been violated is the law of the trial.

In accordance with the applications and the prayers, writs of habeas corpus cum causa will issue.