## BRANN et al. v. McBURNETT et al.
### No. 8366.

District Court, E. D. Arkansas, W. D.

Sept. 19, 1939.

Moore & Brazil, of Morrilton, Ark., for plaintiffs.

Leon B. Catlett, Asst. U. S. Atty., of Little Rock, Ark., for defendants.

LEMLEY, District Judge.

This cause was originally instituted in the Circuit Court of Conway County, Arkansas, and removed to this court under Section 33 of the Judicial Code, 28 U.S.C.A. § 76, and comes on for hearing upon motion of the plaintiffs to remand the cause to the state court.

In the complaint filed in the state court, the plaintiffs allege that they were injured and that they suffered property damage on account of the negligent operation of an automobile by the defendants, on Highway No. 64, in Conway County, Arkansas, on July 21, 1937.

Prior to trial or final hearing in the state court, the defendants filed in this court their petition for removal, setting up that they were on said date, and are now, duly appointed, qualified and acting Deputy Marshals of the United States District Court for the Eastern District of Arkansas, and at all times mentioned in the plaintiffs' complaint they were acting solely under color of their said office and in the performance of the duties of said office in that they were engaged in the duty of transporting federal prisoners from the City of Little Rock, in the State of Arkansas, to the City of Leavenworth, in the State of Kansas, and that all of the acts done by them in connection with the matters set forth in the plaintiffs' complaint were committed by them under color of their said

office and in the performance of their duties as such officers.

The plaintiffs set up in their motion to remand that the cause should be remanded for the reasons: First, that their complaint does not allege the commission of any official wrong or tort by the defendants or either of them in the dischárge of any duty; and secondly, that their complaint "alleges negligence in the operation of an automobile upon the public highways, .which is not, as a matter of law, an official act of said officers, and for which the principal officer and his bond would not be li-ʼ able".

The pertinent part of the statute under which this cause was removed, Section 33 of the Judicial Code, 28 U.S.C.A. § 76, is as follows: "When any civil suit or criminal prosecution is commenced in any court of a State * * * against any officer of the courts of the United States for or on account of any act done under color of his office or in the performance of his duties as such officer * * * the said suit or prosecution may at any time before the trial or final hearing thereof be removed for trial into the district court next to be holden in the district where the same is pending upon the petition of such defendant to said district court."

█ Little need be said with reference to the plaintiffs' first contention to the effect that the cause should be remanded because their complaint does not allege the commission of any official wrong or tort by the defendants or either of them in the discharge of any of their official duties. The right of removal under Section 33 of the Judicial Code is in no way dependent upon the allegations of the plaintiffs' complaint. The jurisdiction of the federal court on the other hand, as stated in Virginia v. Paul, 148 U.S. 107 at page 122, 13 S.Ct. 536, 37 L.Ed. 386, rests and depends upon the statements made in the petition for removal, and verified by the oath of the petitioner.

In connection with their second contention, the plaintiffs argue that regardless of the fact that the defendants were officers of this court and engaged in official business at the time of the accident, that when they committed the alleged act of negligence they thereby stepped aside from the performance of their duties as such officers and committed an act for which they themselves personally are liable and one which could not have been done under color of

office or in the performance of their duties as such officers, since the negligent operation of an automobile by a deputy marshal is not virtue officii; and cite certain language used by the court in McVey v. Gross, D.C.; 11 F.2d 379, 380, as follows: "Hightower [the deputy] .did not act 'colore officii' in any such sense or circumstance as would render his principal liable. In driving along a highway, it is charged that he so negligently operated the vehicle in which he was driving as to injure fatally a pedestrian who happened to be crossing that highway. Manifestly this action was not a failure to 'faithfully perform' any duty of the office of marshal. It was a personal wrong. * * * The negligent act of running into a passing pedestrian was not committed virtute officii."

The McVey case is not in point. The facts in that case were that the plaintiffs brought a suit in the state .court against United States Marshal Gross upon his official bond as marshal for the alleged negligent killing of Mrs. Margaret Zinnett by W. R. Hightower, one of the deputies. Hightower was not sued. The case was removed to .the United States District Court, and the court held that the accident was a personal wrong of the deputy marshal and not one for which the marshal and his surety were liable on his bond. The question of removal was not raised, nor is it referred to in the opinion of the court.

█ In the instant case, McBurnett and Bradley were acting under the authority and direction of this court in transporting prisoners sentenced by this court to the federal penitentiary at Leavenworth, Kansas, when the automobile accident occurred. Therefore, I do not think that there can be any question but that each of them was, in the words of the statute, "in the performance of his duties as such officer".

In Wynn v. Baker, D.C., 23 F.2dˑ 530, an action was brought in the state court against Baker for damages on account of an alleged assault and battery committed by the defendant on the plaintiff. The act was committed in a raid upon an illicit still. On the motion to remand the court held that the defendant was entitled to a removal. Likewise, in Jones v. McGill, D.C., 46 F.2d 334, where the defendant, a county jailor having custody of federal prisoners, was sued in a state court for damages on account of injuries suffered by the plaintiff while confined in said jail, which injuries it was alleged resulted from the negligence

of the defendant, the court held that the cause was removable and overruled the motion to remand.

It is the policy of the courts to give a liberal construction to the provisions of the removal statute under consideration. As stated in State of North Carolina v. Sullivan, C.C., 50 F. 593, 594: "This statute is highly remedial, and I am of opinion that it should receive a liberal construction in all courts * * *. This statute is not a usurpation of authority in disregard of the rights of the states. It certainly cannot be considered as unjust and unreasonable for the federal government to assert the constitutional and essential right to investigate in its own courts the alleged wrongful conduct of its own officers when acting under color of its authority, and in obedience to its mandates."

Motion overruled.