## POTTS v. ELLIOTT.

No. 336.

District Court, E. D. Kentucky, Lexington Division.

July 3, 1945.

J. A. Edge, of Lexington, Ky., for plaintiff.

Henry T. Duncan, of Lexington, Ky., for defendant.

SWINFORD, District Judge.

The defendant, J. Nathan Elliott, is the duly appointed, qualified, and acting Referee in Bankruptcy for the Eastern District of Kentucky. He held this office at all times mentioned in the record. The plaintiff, Mary Burgin Potts, was duly adjudged a bankrupt on the 20th day of August 1943 and, by order of reference, her case was pending before the defendant, J. Nathan Elliott, as Referee in Bankruptcy.

Certain steps were had and hearings held before the Referee in the prosecution and administration of the bankruptcy matter and on January 6, 1944, the defendant filed his certificate with the Honorable H. Church Ford, United States District Judge of the court under which he was serving as Referee, alleging that the plaintiff here had disobeyed certain orders of the bankrupt court and should be considered by the District Judge in the light of contempt of court and adjudged such punishment as the Judge deemed proper.

Upon a hearing of the contempt proceeding it was determined by the District Judge that the order which the bankrupt (plaintiff here) had allegedly violated was not such an order, the violation of which was properly punishable for contempt and the case was remanded to the Referee for such further proceedings as might be necessary, without prejudice to any proceeding that might thereafter be instituted for contempt.

Thereafter this action for libel was instituted by the bankrupt against the Referee. The defendant filed a proper petition for removal under the Judicial Code, § 33, as amended, 28 U.S.C.A. § 76. The plaintiff has filed what is denominated "An Answer to the Petition for Removal and Plea to the Jurisdiction of the District Court of the United States and Plea in Abatement to the Removal." The answer denies all of the allegations in the petition for removal. There were, however, certain facts of which the court must take cognizance and which, even though there is an allegation and denial, are, of necessity, disclosed by the record.

The first is that the defendant is a Referee in Bankruptcy under an appointment by this court and is therefore an official of the court within the meaning of the removal statute. It cannot be seriously disputed that, as a matter of law, a referee in bankruptcy is such an officer of the court as was contemplated by the Congress when section 33 of the Judicial Code, and the amendment thereto, was enacted. He is in fact really more than an officer of the court as that term is usually understood. He is doing more than merely carrying out the orders of the court but rather acting in the place of the court and as the court in a judicial proceeding. My research on this question has failed to disclose any case in which a referee was involved. I find, however, that in the case of Buttner v. Miller, Fed.Cas.No.2,254, 1 Woods 620, as reported in the Federal Digest, Removal of Causes ⊂⇒22, an action to recover damages for alleged slanderous words spoken by a United States Collector of Customs, while in the discharge of his official duty was properly removed to the United States Court. An action involving the good faith of a Federal Court receiver based on alleged delinquencies and associations with other defendants is removable under this statute. American Locomotive Co. v. Histed, D.C., 18 F.2d 656; Newell v. Byram et al., D.C., 18 F.2d 657.

An examination of the authorities discloses that the courts have been very liberal in construing the statutory provision and have held that it includes commissioners and receivers appointed by the courts. Matarazzo v. Hustis, D.C., 256 F. 882.

In the comparatively recent case of Brann et al. v. McBurnett et al., D.C., 29 F.Supp. 188, 190, the court, using a quotation from the North Carolina Court, said:

"It is the policy of the courts to give a liberal construction to the provisions of the removal statute under consideration. As stated in State of North Carolina v. Sullivan, C.C., 50 F. 593, 594: 'This statute is highly remedial, and I am of opinion that it should receive a liberal construction in all courts * * *. This statute is not a usurpation of authority in disregard of the rights of the states. It certainly cannot be considered as unjust and unreasonable for the federal government to assert the constitutional and essential right to investigate in its own courts the alleged wrongful conduct of its own officers when acting under color of its authority, and in obedience to its mandates.' "

The gravamen of this action on which the plaintiff must rest her case is the certificate of the Referee to the Judge of the District Court. The plaintiff, by her answer to the petition for removal, denies that, at the time of the commission of the acts complained of in her petition, the defendant was acting under color of his office as referee or by authority of the laws of the United States of America or in the performance of his official duty.

The court must consider this denial as a mere conclusion as it is evident from the whole record and from the allegations contained in the plaintiff's petition as filed in the state court, that the conduct and action of the Referee, whether it be determined to be proper or improper, grew out of the bankruptcy hearing. As was said in the case of Ex parte Dierks, D.C., 55 F.2d 371, color of office under which an officer's acts must be done may cover a claim which is later proved to be groundless.

In considering this whole question and notwithstanding the fact that there may be certain issues of fact raised by the pleadings through the denial of the allegations of the petition for removal, I must conclude from the whole record that this

380

is an action reasonably within the contemplation of section 33 of the Judicial Code and that the case should not be remanded to the state court.

An order to that effect is this day entered.