## AMPEY v. THORNTON.

### Civil Action No. 1764.

District Court, D. Minnesota, Fourth Division.

March 8, 1946.

L. O. Smith, of Minneapolis, Minn., for plaintiff.

Victor E. Anderson, of St. Paul, Minn., for defendant.

JOYCE, District Judge.

This is a slander suit against a special agent of the Federal Bureau of Investigation. Suit was commenced in state court, has been removed, and plaintiff has made

a motion to remand. The complaint charges that on or about November 1, 1945, defendant called at the home of plaintiff, inquired if she knew the whereabouts of some certain person to which plaintiff replied in the negative and then in the presence of third persons defendant said to plaintiff, "You are a bitch," which statement is alleged to be slanderous.

The petition for removal recites that the defendant was engaged in his duties as special agent at the time of the alleged slander, that at that time he knew a federal warrant was outstanding for the arrest of one James Tyler, a fugitive from justice, that he was given the special duty and assignment "of ascertaining the then whereabouts of said James Tyler for the purpose of effecting his apprehension and arrest," and that in the performance of these official duties and under instructions from his superiors he called at the home of plaintiff, which was next door to where Tyler had resided, for the purpose of interviewing plaintiff "with particular reference to the whereabouts of said James Tyler" and that it was in the course of this interview that the alleged slander occurred. Defendant further avers that he is an officer of the court and seeks removal under 28 U.S.C.A. § 76. That statute so far as material here provides:

"When any civil suit or criminal prosecution is commenced in any court of a State * * * against any officer of the courts of the United States for or on account of any act done under color of his office or in the performance of his duties as such officer" it may be removed to federal court.

In the first place I feel there is a serious doubt whether under these facts defendant was an officer of the court. He was not appointed by the court. While he had possession of certain subpoenas and had knowledge of the existence of a federal warrant issued that same day in the Eastern District of Wisconsin, he was not at the time involved engaged in the service of any court process. Although defendant's brief recites that he "had for execution a warrant for the arrest of one James Tyler" the petition for removal does not so state nor go further than alleging that his going to plaintiff's residence was in connection with seeking information as to Tyler's whereabouts. He was in fact investigating. He had the broad powers of an investigatory and law enforcement officer given members of the Federal Bureau of Investigation by 5 U.S.C.A. § 300a. But whether he was "an officer of the court" within the meaning of 28 U.S.C.A. § 76, is a question I do not decide because it is unnecessary to the determination of this motion.

The action against defendant is for slander, a personal tort. If committed, the act was outside of and unconnected with his official duties. It would not be a defense to such an action that he was acting as a court officer when the allegedly slanderous words were spoken. The history and scope of 28 U.S.C.A. § 76, formerly Section 33 of the Judicial Code, is clearly set out in Gay v. Ruff, 292 U.S. 25, 54 S.Ct. 608, 78 L.Ed. 1099, 92 A.L.R. 970. The section originated in 1833 during the "nullification" controversy between the United States and South Carolina. Its purpose was to protect those charged with the enforcement of the federal revenue laws from prosecutions in a state court for violations of state law. See State of Tennessee v. Davis, 100 U.S. 257, 25 L.Ed. 648, where its constitutionality was upheld. The section appears as Section 643 of the Revised Statutes and in 1875 was extended to include officers of either house of Congress while engaged in discharging their official duties, 18 Stat. 371, 401. In 1916 the section was amended and the removal privilege extended to any officer of the courts of the United States as noted above, 39 Stat. 532. It is under this amendment that defendant seeks removal. In Gay v. Ruff, supra, this amendment was construed. That was an action for personal injuries suffered in a railroad accident against the federal receiver of the railroad. It was held that although the receiver was appointed by and was an officer of the court within the meaning of the section, the case was not removable. After pointing out that while a literal reading of the amendment might lead to the conclusion that the nature of the suit sought to be removed is immaterial, the language must be read in the light of the then existing provisions of the statute and the trend toward restricting the jurisdiction of federal trial courts, Mr. Justice Brandeis speaking for the court said [292 U.S. 25, 54 S.Ct. 612]:

"The case here sought to be removed has none of the characteristics of those which were removable under Judicial Code § 33 before the 1916 amendment. * * * It does not relate to any operation of the federal government. The defendant re-

ceiver does not justify under any judgment or order of a federal court. * * *

"If the amendment of 1916 is construed as merely affording the protection of removal to officers of the court engaged in executing its judgments or orders, it is strictly in pari materia with the other removal provisions of section 33. If it is construed so as to authorize removal of the case at bar, it introduces a wholly different ground of jurisdiction; in effect, repeals by implication legislation which deals expressly with suits against receivers; and departs from the established trend of legislation limiting the jurisdiction of the federal trial courts."

It is pointed out that the report of the House Committee on the Judiciary HR No. 774 64th Congress, first session, indicates no intention by the amendment to extend the jurisdiction or powers of the United States courts but only to extend the removal provisions uniformly to officers of the court even though a revenue law is not involved. In conclusion the court states:

"A suit for damages for an injury resulting from negligent operation of a train is not, within the meaning of Judicial Code § 33 as amended, a suit 'for or on account of any act done under color of his (the receiver's) office.' The receiver here sued, although an officer of the court operating the railroad pursuant to the order appointing him, is not an officer engaged in enforcing an order of a court. The operation of trains through his employees is a duty imposed upon the receiver; but he is not entrusted in his capacity as receiver with the service or execution of any process of the court. Nor is there reason to assume that he will in this case rest his defense on his duty to cause the train to be operated." 292 U.S. 39, 54 S.Ct. 615, 78 L.Ed. 1099, 92 A.L.R. 970.

It is clear from this decision that the statute is construed so that when an "officer of the court" seeks removal under this section it must appear that his defense is that in doing the acts charged he was doing no more than his duty as such officer. The same construction was applied in State of Maryland v. Soper (No. 1) 270 U.S. 9, 46 S.Ct. 185, 70 L.Ed. 449, and State of Colorado v. Symes, 286 U.S. 510, 52 S.Ct. 635, 76 L.Ed. 1253, which were cases where prohibition agents sought removal after being charged with murder in connection with acts claimed by them to have been done in the enforcement of the revenue laws. The removal petitions seem to have been construed quite strictly and in both cases were denied. Mr. Chief Justice Taft in State of Maryland v. Soper, supra, said:

"It must appear that the prosecution * * * has arisen out of the acts done by him under color of federal authority and in enforcement of federal law, and he must by direct averment exclude the possibility that it was based on acts or conduct of his, not justified by his federal duty. * * * The defense he is to make is that of his immunity from punishment by the state, because what he did was justified by his duty under federal law, and because he did nothing else on which the prosecution could be based." 270 U.S. 33, 34, 46 S.Ct. 190, 70 L.Ed. 449.

The same view was taken in Ford Motor Co. v. Automobile Ins. Co., D.C.S.D.Mich., 13 F.2d 415, which was a civil suit to impress a lien on the proceeds of insurance policies. The defendant trustee in bankruptcy contended it was entitled to removal as an officer of the court. The court said that as the suit was not against the trustee on account of any act done in the performance of its duties as such the case was neither within the letter or the spirit of the statute and stated:

"It was evidently the intent of Congress, in enacting this statute, to protect the federal officers mentioned by permitting them to invoke the jurisdiction of this court over proceedings brought against them by reason of their official *acts*, as distinguished from their mere *claims* of title or other legal rights." 13 F.2d 417.

That the nature of the charge is an important factor in removal cases under this statute is recognized in People's United State Bank v. Goodwin, C.C., 162 F. 937, 945, which was a libel suit against an assistant attorney general and an inspector for the postoffice department and wherein Judge Trieber said:

"In my opinion, to permit the removal of a cause under this section of the law, the acts which constitute the cause of action must have some rational connection with official duties under 'a revenue law,' and in some way affect the revenue of the government. It could hardly be claimed that even a revenue collector, if sued for some act claimed to have been committed in the performance of his official duties,

would have the right to remove the cause under section 643, if neither the declaration nor petition for certiorari showed that the act for which he was sued was in fact in the performance of an official duty imposed on him by law, having some relation to the collection of revenue for the government."

In Salem & L. R. Co. v. Boston & L. R. Co., 21 Fed.Cas. page 229, No. 12,249, 21 Law Rep. 210, where removal was sought under the statute, the court said:

"It is not enough that the petitioner should show that a certain suit or prosecution has been commenced against him and then should allege that he intends to rely upon some revenue law of the United States in his defence. He must so far exhibit the nature of the case, including not only the grounds of the claim or complaint, but of his defence thereto, that upon the facts it may appear that some material question may arise under those laws. Otherwise the petition would not state a case for removal, but only the request of the petitioner, and his opinion and that of his counsel that he had such a case."

In this case too the removal was denied on the ground that the facts did not show that the acts complained of were done under any revenue law "or that its trial will, in any way, involve an adjudication upon any defence arising under the revenue laws." Nor is there anything contrary to these views in Buttner v. Miller, 4 Fed.Cas. page 926, No. 2,254, 1 Woods 620, which was a slander suit commenced in state court against a collector of customs who had caused the seizure of a quantity of liquors. Plaintiff was the importer of the liquors and alleged that the defendant collector slanderously charged him with violation of the revenue laws. The case was removed under the statute and in denying the motion to remand the court said:

"It appears from the petition for the removal of the cause, that the words spoken by defendant, which are the ground of complaint, were spoken by the defendant while in the discharge of his official duties as collector of customs, and in connection with the seizure of goods for alleged violation of the revenue law.

"Can these words be considered under the statute as an act done under the revenue laws of the United States? We think they may. In this case they appear to have been spoken in connection with the act of seizure, *and in explanation or justification thereof*. They therefore become a part of the act, and together with the seizure, form one transaction." (Italics supplied).

Such a case is clearly in accord with the interpretation of the Supreme Court in Gay v. Ruff, 292 U.S. 25, 54 S.Ct. 608, 78 L.Ed. 1099, 92 A.L.R. 970, because the alleged slander of stating that the revenue law had been violated was a part of the official act of seizing the goods. It cannot be claimed here that calling plaintiff a "bitch" was part of the official acts of defendant or that the nature of his official duties would be a justification thereof.

I am not unmindful of cases to the contrary, such as Brann v. McBurnett, D.C., 29 F.Supp. 188, 190, which was an action for personal injuries resulting from an auto accident. Defendants were United States deputy marshals and at the time of the accident were transporting federal prisoners pursuant to court order. The case was held properly removable and plaintiff's contentions that the alleged wrong was not in connection with the officers' official acts and not under "color of office" were rejected. The same case is cited as authority for a "liberal" construction of this revenue statute as it contains the following quotation from State of North Carolina v. Sullivan, C.C., 50 F. 593, 594:

"It is the policy of the courts to give a liberal construction to the provisions of the removal statute under consideration. As stated in State of North Carolina v. Sullivan, C.C., 50 F. 593, 594: 'This statute is highly remedial, and I am of opinion that it should receive a liberal construction in all courts * * *. This statute is not a usurpation of authority in disregard of the rights of the states. It certainly cannot be considered as unjust and unreasonable for the federal government to assert the constitutional and essential right to investigate in its own courts the alleged wrongful conduct of its own officers when acting under color of its authority, and in obedience to its mandates.' "

However, State of North Carolina v. Sullivan involved only the question of whether the correct removal procedure had been followed. The state court had refused to recognize the validity of the removal writ because of a technical defect and had proceeded to trial of a United States marshal and was affirmed by the

Supreme Court of North Carolina. The federal court took exception to this technical construction of the statutory procedure and pointed out that as the statute was a part of the revenue system (which reference is omitted from the above quotation cited in Brann v. McBurnett) it should be construed to effect its purpose. The "liberal construction" referred to was in connection only with procedural aspects of the statute not its substantive interpretation and was said at a time when the statute was a part of the revenue system, which has no application to the case here. Therefore, the Sullivan case does not seem sound authority for the proposition that the statutory words "in the performance of his duties as such officer" should be given a liberal construction for which it seems to be cited in Brann v. McBurnett. It is my conclusion that a construction of the statute should be approached from an appreciation of its "exceptional" character. Maryland v. Soper, supra; Gay v. Ruff, supra. Underhill v. Tabbutt, D.C., 62 F. Supp. 11, was another automobile accident case. The car was government-owned and driven by a revenue officer at the time of the accident. The case was removed under 28 U.S.C.A. § 76 but apparently no motion to remand was made.

However, I am obliged to follow the construction of the statute as announced by the Supreme Court. It is obvious that the defendant here cannot defend against this slander suit on the ground that he is a federal officer and the alleged slanderous statements, if made, were not a part of his official duties nor uttered under color of his office. The removal provisions of Section 76 are therefore not available to him in this case. The motion is granted and the cause remanded to the state court.