**LOGEMANN v. STOCK.**

Civ. No. 44–48.

United States District Court
D. Nebraska, Lincoln Division.

Jan. 3, 1949.

James L. Brown, Asst. U. S. Atty., of Lincoln, Neb., for petitioner.

Merril R. Reller and Gerald W. Davis, both of Lincoln, Neb., for defendant.

DELEHANT, District Judge.

The parties will be identified herein by their respective surnames, in an effort to avoid the confusion which lurks in the variety in their designations here and in the state court.

Stock is an eastern Nebraska farmer. Logemann is a Deputy Collector of Internal Revenue, acting under the appointment and direction of the Collector of Internal Revenue at Omaha, Nebraska.

On August 27, 1948 Stock instituted in the District Court of Lancaster County, Nebraska, an action against Logemann to recover a judgment for $2,500.00 because of alleged misconduct by Logemann, occurring earlier in August, 1948 in the course of his audit and verification of Stock's 1945 income tax return. The petition in that action alleged specifically that Logemann's duties "include auditing and verifying income tax returns filed by taxpayers in the State of Nebraska", and that, prior to August 5, 1948 Logemann "was assigned the duty by his employer of auditing and verifying the 1945 income tax return filed by" Stock. With that inducing background, it further alleges certain conferences between Stock and Logemann in the course of the audit in question and charges that in one or more of those

conferences Logemann falsely and maliciously accused Stock of failing to report his correct and entire income and otherwise erroneously making his income tax return for the year in question, and later submitted like representations to his own official superior, and made certain threats to Stock of the assessment of further taxes, and the imposition of penalties, against him if he should refuse to·assent to additional assessments of tax proposed by Logemann, all resulting in damage to Stock.

On September 11, 1948 Logemann, proceeding under the general authority of Title 28 U.S.C.A. § 1442(a) (1), and within the procedural requirements of Title 28 U.S.C.A. § 1446, seasonably filed in this court a Petition and a Bond for Removal. The notice required by Title 28 U.S.C.A. § 1446(e) was served personally upon Stock on September 11, 1948 and filed September 21, 1948. The faithful observance of the formal requirements to obtain removal, if the case is removable, is unchallenged.

However, Stock has moved to remand the cause for want of jurisdiction over it in this court, and he supports his motion by argument that the action is not within the reach of Title 28 U.S.C.A. § 1442. The court is unable to proceed to that conclusion.

■ Title 28 U.S.C.A. § 1442, so far as it is material in this instance, provides that:

"(a) A civil action * * * commenced in a State court against any of the following persons may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

"(1) Any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for * * * the collection of the revenue."

That statute arose out of the historic interference by some of the states, notably South Carolina, with the collection of the customs of the United States, State of Tennessee v. Davis, 100 U.S. 257, 25 L.Ed. 648, and was aimed at the attempted local nullification of the national revenue stat-

utes. So, as originally enacted, its protection was limited to civil actions or criminal prosecutions "for or on account of any act done under the revenue laws of the United States, or under colour thereof, or for or on account of·any·right, authority, or title, set up or claimed by such officer, or other person under any such law of the United States". Act of March 2, 1833, c. 57, Section 3, 4 Statutes at Large, p. 633. Later amendments successively added other designated officials to its protected list, until, by the revision of 1948, the broad language of the text already quoted was substituted for the earlier phraseology of the statute.

Counsel for the respective parties present conflicting positions upon the degree of liberality with which the cited statute should be administered in the retention of jurisdiction by the United States District Courts. The familiar events, threatening the essential power and the very life of the federal government, which evoked the initial legislation have prompted many courts to declare that the statute must be liberally applied to effectuate its purpose. United States v. Bromley, 53 U.S. 88, 12 How. 88, 13 L.Ed. 905; State of Colorado v. Symes, 286 U.S. 510, 52 S.Ct. 635, 76 L.Ed. 1253; Venable v. Richards, 105 U.S. 636, 26 L.Ed. 1196; United States ex rel. Michels v. James, C.C., 26 Fed.Cas. 577, No. 15,464; Warner v. Fowler, C.C., 29 Fed.Cas. 255, No. 17,182; State of North Carolina v. Sullivan, C.C.N.C., 50 F. 593; Ward v. Congress Const. Co., 7 Cir., 99 F. 598; Brann v. McBurnett, D.C.Ark., 29 F.Supp. 188; Potts v. Elliott, D.C.Ky., 61 F.Supp. 378; Yeung v. Territory of Hawaii, 9 Cir., 132 F.2d 374. On the other hand, in Ampey v. Thornton, D.C.Minn., 65 F.Supp. 216, the reasoning supporting liberality of application in certain of those cases was obliquely and tentatively criticised, although it would seem that such criticism was quite unnecessary, if not irrelevant, to the decision of the Ampey case under its facts. Parenthetically, it should be noted, in the light of the discussion in the briefs that the quotation in Ampey v. Thornton, supra, from State of North Carolina v. Sullivan, supra (formerly included in the opinion in Brann v. McBurn-

ett, supra), does not involve the approval of that quotation by the writer of the Ampey opinion. An examination of Ampey v. Thornton, supra, discloses that the judge ruling in it cited the language for the twofold purpose of limiting its application entirely to the procedural question involved in State of North Carolina v. Sullivan, supra, and thereby impairing the authority of Brann v. McBurnett, supra, to the extent that it may be thought to be grounded on State of North Carolina v. Sullivan, supra. It should be mentioned, however, that in the Ampey case, two circumstances are to be observed which distinguish it factually from this action. First the removing party in the Ampey controversy was only doubtfully, if at all, an "officer of the court" in which capacity he sought removal under language of the statute, in its then form. Secondly, he was charged with the application to his adversary in the presence of other persons, not connected with his employment, of an assertedly slanderous epithet.

But, whether the quoted language of Title 28 U.S.C.A. § 1442(a) (1) is to be applied liberally or narrowly, the result in relation to the present motion must be the same. It is not denied that Logemann's official position was within the plain definition of the statute. It is asserted merely that his wrongful acts alleged in the petition in the state court, are not shown to be under color of the office, in, or under which he was serving, or on account of any right, title or authority claimed under any Act of Congress for the collection of the revenue. Stock complains that Logemann, as the petitioner for removal to this court, failed "to show * * * that his acts complained of were under color of office". But the petition for removal includes a copy of Stock's petition in the state court. And that petition clearly and unmistakably discloses that the criticised conduct of Logemann occurred entirely under color of his office. It is alleged to have consisted exclusively of abusive and menacing discussions with Stock in the course of the examination and verification of his tax return, and of reports, or a report, asserted to have been maliciously untrue, to Logemann's superior in his official employment. And such matters certainly occurred under color of office, for in his petition in the state court, Stock was careful to plead the employment of Logemann and his official engagement in the examination of Stock's return, supra.

▉ Nor are they taken out of that character by reason of the fact that they are alleged to have been motivated by hatred and ill will and, on that account, wrongful as well as objectively untrue. It is not merely cases against officials whose conduct is blameless that are removable. Those may be also removed in which it may ultimately be determined that misconduct was involved, if it was committed under color of office. The statute provides that actions within its definition may be brought here, not necessarily or invariably for the absolution from fault or liability of the defendant in the state court, but rather for the trial upon its merits of that very question in this court free from the impact of local interest or prejudice. Accordingly, color of office may be predicable of acts of an officer which may ultimately be proved to have been groundless, mistaken or wrongful. Potts v. Elliott, supra. The citation in the Potts case of Ex parte Dierks, D.C.Colo., 55 F.2d 371, in support of the thought last expressed is not discredited by the circumstance that the final ruling of the District Court in the Dierks case was disapproved by the Supreme Court of the United States in State of Colorado v. Symes, supra. But examples illustrate the point. Slander was alleged as the basis of the state court suit in Buttner v. Miller, 4 Fed.Cases 926, libel in Potts v. Elliott, supra, and actionable negligence in Brann v. McBurnett, supra. Despite which, removal was sustained in each of them.

▉ The court is persuaded that the suit in the state court between the parties was removable, and that its removal has been validly accomplished. Therefore, the motion to remand is being denied. The case will remain here for appropriate disposition in due course.