## TINKOFF v. CAMPBELL et al.
### No. 48 C 451.

United States District Court
N. D. Illinois, E. D.
Sept. 20, 1949.

Paysoff Tinkoff, Chicago, Ill., pro se.

Otto Kerner, Jr., United States Attorney, John P. Lulinski, Assistant United States Attorney, Chicago, Ill., for defendants.

LA BUY, District Judge.

The above cause was removed from the Circuit Court of Cook County by petition of the United States Attorney pursuant to Section 1442, 28 U.S.C.A. as being a civil action against an officer of the United States for acts done "under color of such office".

The complaint is brought for redress of injuries to business sustained through an alleged conspiracy between the two defendants to ruin the reputation, character and business of the plaintiff. Count I is a complaint for injunction to restrain defendants from carrying on such conspiracy through certain alleged tortious acts and Count II is a complaint at law alleging said defendants have been guilty of slandering the reputation and character of plaintiff and paragraphs 1 to 23 of Count I are realleged by reference.

Plaintiff has filed a motion for a temporary restraining order and defendants have

filed a motion to dismiss the complaint for the following reasons: (1) the actions charged to defendants were done within the scope of their official duties, (2) this court exercises derivative jurisdiction from a state court and the courts of Illinois do not exercise jurisdiction to restrain alleged libel or slander and are without jurisdiction to restrain federal officials, (3) the Collector of Internal Revenue and the Commissioner of Internal Revenue are indispensable parties, (4) defendants acting under color of office are immune from suit, and (5) plaintiff is barred from bringing this action by prior adjudication in Tinkoff v. Campbell, 7 Cir., 1946, 158 F.2d 855.

■ The conspiracy allegations of the complaint neither add nor detract from the injury alleged, being important only to show the wrong was committed jointly so that the acts of one may be imputed to the other because of common purpose and intent. The wrongs alleged to have caused such destruction of business are the alleged slanders committed by said defendants. Those allegations state that the defendants advised plaintiff's clients that plaintiff was disbarred from practicing before the Treasury Department, that plaintiff was not a reputable and fit person to do business with, and that he was crooked and dishonest. As a result plaintiff's customers breached their contracts with plaintiff and also refused to pay him for his services given as an income tax specialist.

■ Proceeding to a consideration of defendants' motion to dismiss based initially on the principle that immunity extends to the actions of defendants since they were done under color of office, the rule has been stated in Cooper v. O'Connor, 69 App.D.C. 100, 99 F.2d 135, 139, 118 A.L.R. 1440 as follows:

"It is not necessary—in order that acts may be done within the scope of official authority—that they should be prescribed by statute (U. S. v. Birdsall, 233 U.S. 223, 230–231, 34 S.Ct. 512, 58 L.Ed. 930, [934]); or even that they should be specifically directed or requested by a superior officer. Mellon v. Brewer, 57 App.D.C. 126, 129, 18 F.2d 168, 171, 53 A.L.R. 1519, certiorari

denied, 275 U.S. 530, 48 S.Ct. 28, 72 L.Ed. 409. It is sufficient if they are done by an officer 'in relation to matters committed by law to his control or supervision.' (Italics supplied.) Standard Nut Margarine Co. v. Mellon, 63 App.D.C. 339, 341, 72 F.2d 557, 559, certiorari denied, 293 U.S. 605, 55 S.Ct. 124, 79 L.Ed. 696); or that they have 'more or less connection with the general matters committed by law to his control or supervision.' (Italics supplied.) (Spalding v. Vilas, 161 U.S. 483, 498, 16 S.Ct. 631, 637, 40 L.Ed. 780; and see Lang v. Wood, 67 App.D.C. 287, 288, 92 F.2d 211, 212); or that they are governed by a lawful requirement of the department under whose authority the officer is acting."

The issue thus arises whether in the instant case the alleged slanders of defendants had "more or less connection with the general matters committed by law to their control or supervision". In determining the scope of official action regard must be had to the authority conferred; and this embraces every action which may properly constitute an aid to the enforcement of the law. Cooper v. O'Connor, supra. The strongest incident complained of occurred in the office of the deputy collector and at the place where he met persons having to do business with him.

■ In Glass v. Ickes, 1940, 73 App. D.C. 3, 117 F.2d 273, 280, 132 A.L.R. 1328, plaintiff brought an action against Mr. Ickes for defamation based on an alleged libelous release. The court held that the Secretary of Interior "could call public attention to the regulation prohibiting a former employee from appearing in a representative capacity before agencies charged with the administration and enforcement of the Act, the purpose of the regulation, conduct of the appellant in reference thereto, and to action taken thereunder respecting him, at least so long as the period of prohibition continued."

Official acts in performance of the duties of an office do not mean simply the lawful acts of the officer holding that office, but include all acts done under color and by virtue of that office. It is the court's opinion that the accused statements unquestion-

ably were made in connection with the matters committed to the control of defendants and were related more or less to the duties given to defendants by law and by regulation.

The plaintiff's motion for temporary injunction is therefore denied and defendants' motion to dismiss is sustained. An order has this day been entered in accord herewith.