## DE BUSK v. HARVIN et al.
### No. 14684.

United States Court of Appeals
Fifth Circuit.
April 15, 1954.

Henry L. DeBusk, Lubbock, Tex., in pro. per.

David Orlikoff, Dept. of Justice, Samuel D. Slade, Dept. of Justice, Paul A. Sweeney, Chief Appellate Sec. Dept. of Justice, John G. Laughlin, Dept. of Justice, Washington, D. C., A. W. Christian, Asst. U. S. Atty., Fort Worth, Tex., Warren E. Burger, Asst. Atty. Gen., Heard L. Floore, United States Atty., Fort Worth, Tex., for appellees.

Before HOLMES, RUSSELL and RIVES, Circuit Judges.

RIVES, Circuit Judge.

This suit was originally filed by appellant in the state district court of Lubbock County, Texas, to recover damages from appellees individually for their alleged malicious acts in causing appellant's dismissal from his former Federal employment with the Veterans Administration Regional Office at Lubbock, Texas. The complaint alleges that appellees "conspired against Plaintiff to hurt him, and to eventually effect his removal from government service" because he was critical of certain alleged gambling and drinking activities by other employees of that government agency; that, as a result of his objections, appellees "for a period of over one year connived, kept notes on Plaintiff, shadowed him, and deliberately set snares for him in their malicious efforts to concoct charges which they thought might effect his removal from service"; that because of their treatment "he has suffered unjustified reprimands and insults", was given an unsatisfactory performance rating, and charges of insubordination were filed against him which ultimately resulted in his unjust removal from employment on February 2, 1953.

Appellees removed the action to the United States District Court under Title 28 U.S.C.A. § 1442(a) (1) which, in pertinent part, authorizes removal of "A civil action * * * commenced in a State court against * * * Any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office * * *." In answer to the complaint, appellees defended on the grounds of in-

sufficiency of the complaint to state a claim for relief, that the action was premature because appellant "has not exhausted the administrative remedies available to him", and that appellant was removed for cause and not for the reasons alleged in his petition. Appellant filed a motion to remand and motion to quash appellees' amended petition for removal, which motions were denied by the district court and a motion by appellees for judgment on the pleadings was granted.[1]

It is without dispute under the pleadings that appellant, prior to his dismissal, was employed as a Loan Examiner in the Loan Guaranty Division of the Veterans Administration Regional Office at Lubbock, Texas; that his duties entailed some degree of responsibility for examining and passing upon applications by veterans for insurance or guarantee of loans under the Servicemen's Readjustment Act of 1944, 38 U.S.C.A. § 693 et seq.; that one of the appellees, Bethel, was Chief of the Examining Section and in that capacity was charged with the responsibility of supervising appellant's work, while two other appellees, Harvin and Harris, held positions entailing responsibility for the overall direction of the Loan Guaranty Division and supervision of all personnel, including appellant; that appellee, Sisson, was the duly appointed Manager of the Regional Office, and the administrative head of the agency responsible for its work and the supervision of all personnel employed in that facility; that, under the rules and regulations of the Veterans Administration and the Civil Service Commission, all appellees, as appellant's superiors, were charged with varying degrees of responsibility for recommending appropriate employee disciplinary action, including any indicated dismissal from service for unsatisfactory work or misbehavior; that on December 17, 1952, appellee Bethel, acting in accordance with the applicable rules and regulations, prepared a written recommendation for removal of appellant, which was referred

1. With reference to the insufficiency of the petition to state a claim for relief, the district judge commented at the trial as follows: "I think it's clear enough that what * * * provoked the filing of this suit was the fact that these men there in the Veterans Administration, after procedure which seems to be in the form directed in the regulations, removed you from office. Of course, I don't know whether they did that with a disinterested frame of mind or whether part of it was a spirit of resentment, whether it was all in good faith or whether it was done vindictively. But the amended removal petition alleges in very minute detail that the different defendants and in different positions and in different degrees had supervision over your services and that there were regulations that provided for proceedings aimed at removal of employees whose services were unsatisfactory or whose behavior was contrary to the standards of the administration, and it appears that it was within the duties of these men to pass on whether removal action ought to be taken against any employee. It seems at that time proceedings were instituted and carried on and consistently with the forms of law and the requirements of the regulations, unless there might be an exception here as to the counter signature of somebody on this letter in the nature of a bill of particulars, but I suppose there is no question that the final decision of removal which it seems was taken in spite of a finding of some three-man board appointed here as part of the internal procedure in the office, there is no question I take it that that final order was made by a man who had the authority to remove employees under the law and the regulations; * * * * * * it would not be good, would not be wholesome in public interests to so fetter or impede a man, to whom is delegated not only the power but the responsibility of judging the fitness of employees and the validity of complaints against them and whether their services should be retained or discontinued to expose that officer, to being hailed into Court and his motives challenged and his purposes attacked and opening him to damage suits and other forms of litigation, that it would just not be compatible with the general public interest, which is entitled to the first and paramount consideration.

"So my conclusion is, and I rule, that on the pleadings the plaintiff fails to state any cause of action that can be maintained at Court; and the defendant's motion in question will be sustained."

to his superior, appellee Harvin, who served written notice of the charges on appellant and granted him opportunity to reply and a hearing; that a committee selected to hear the charges against appellant, though finding the evidence sufficient to justify removal on the grounds of insubordination, recommended that appellant not be removed; and that, acting on the basis of the committee findings· but disregarding its recommendation,[2] appellee Sisson, as Manager of the Regional Office, removed appellant from his employment. It further appears that appellant appealed the removal decision administratively to the Director of the United States Civil Service Region at Dallas, Texas, and was granted a hearing thereon, after which a Commission Examiner recommended "that no change be made in the personnel action taken by the agency"; that this recommendation was approved by the Regional Director of the Civil Service Commission, but that appellant further appealed from his action to the Commission at Washington, D. C., which appeal is now pending.

Appellant's principal insistence is that the acts "as alleged were beyond the duties and ambit of authority of officers and employees of the Government", and that the statute authorizing removal of such suits and the rule granting immunity from civil suit to federal officers acting "under color of such office", as relied upon by the trial court, therefore does not apply. Title 28 U.S.C.A. § 1442 (a) (1); see Gregoire v. Biddle, 2 Cir., 177 F.2d 579, 581; Waterman v. Nelson, 2 Cir., 177 F.2d 965. While recognizing in his pleadings that federal employment is a privilege and not an absolute right, appellant asserts that "he is not suing for any job" but for damages "for the malicious treatment he received from defendants as individuals", for which, under the statute and applicable authorities, he claims they have no right of removal to the Federal Court and are not entitled to invoke their official immunity. Cf. State of Colorado v. Symes, 286 U.S. 510, 52 S.Ct. 635, 76 L.Ed. 1253; State of Maryland v. Soper, 270 U.S. 9, 46 S.Ct. 185, 70 L.Ed. 449; Viles v. Symes, 10 Cir., 129 F.2d 828; Ampey v. Thornton, D.C.Minn., 65 F.Supp. 216.

■ We think the authorities relied upon by appellant are readily distinguishable on their controlling facts from the present situation, and that this action was clearly removable, for the statute was drawn to permit all suits against governmental officers for their official acts to be tried in the United States Courts. The uncontroverted affidavits of appellees, attached as exhibits to the amended petition for removal, clearly reveal that appellant's dismissal by appellees was an "act under color of * * * office", within the meaning of the removal statute. See Jones v. Elliott, D.C. Va., 94 F.Supp. 567, 568; Logemann v. Stock, D.C.Neb., 81 F.Supp. 337; cf. Slover v. Chicago, M. & St. P. Ry. Co., D.C.Mo., 16 F.2d 609.

■ Furthermore, we think the court properly granted appellees' motion for judgment because of the failure to state a claim for relief, for the pleadings conclusively reveal that it was the official duty and responsibility of appellees, in the exercise of their official discretion, to institute any disciplinary proceedings required by the law and regulations against appellant, including dismissal from employment. The petition does not allege, nor does appellant here contend, that his discharge was not effected in

---

2. It appears from the applicable rules and regulations (Manual for Personnel Administration, Disciplinary Actions, Chapter 20) that appellee Sisson, as Manager of the Regional Office, was not bound by the recommendation of the hearing Committee. Sec. 20.09d(4) (h) provides that:

"The appropriate disciplinary official is free to accept or reject, in whole or in part, the recommendations of the advisory hearing authority and is not bound by any recommendation or recommendations of the advisory hearing authority."

accord with officially authorized procedure in such instances. Considerations of procedural regularity are peculiarly inappropriate and premature for judicial inquiry on this review, and we expressly refrain from any comment thereon, since it appears from the record that the validity of appellees' action in dismissing appellant has been appealed administratively, and is still pending before the Civil Service Commission for final review. Cf. Carter v. Forrestal, 85 U.S. App.D.C. 53, 175 F.2d 364; Johnson v. Nelson, 86 U.S.App.D.C. 98, 180 F.2d 386; Johnson v. War Assets Administration, 7 Cir., 171 F.2d 556, 558; see also Leeds v. Rossell, D.C.S.D.N.Y., 101 F. Supp. 481, 484; Fischer v. Haeberle, D.C.E.D.N.Y., 80 F.Supp. 652; Aircraft & Diesel Corp. v. Hirsch, 331 U.S. 752, 767, 67 S.Ct. 1493, 91 L.Ed. 1796. We merely hold that, since appellant does not here seek reinstatement to his former job or otherwise attack the legality *vel non* of his discharge in a manner presently appropriate for judicial review, his petition seeking damages from appellees individually for their official act in discharging him is insufficient to state a claim for relief.

Stripped of its immaterial and superfluous allegations, the petition merely alleges, in effect, that appellant's discharge caused him to suffer actionable damage because it was improperly motivated. However, as the trial court noted (footnote 1, supra), the legal sufficiency of the claim for damages does not properly hinge upon any subjective inquiry into appellees' intent in causing appellant's dismissal,[3] but is based upon objective considerations of a public policy designed to protect public officials from undue harassment by civil litigation for acts committed by law to their control or supervision, and within the scope of their duties and authority. See Gregoire v. Biddle, supra, 177 F.2d at page 581; Waterman v. Nelson, supra; Cooper v. O'Connor, 69 App.D.C. 100, 99 F.2d 135, 140–142, 118 A.L.R. 1440.

The judgment is

Affirmed.

3. It has long been established that the existence of an improper motive for a duly authorized official act constitutes no exception to the rule of official immunity. See Spalding v. Vilas, 161 U.S. 483, 16 S.Ct. 631, 40 L.Ed. 780. Nor does the allegation that appellees "conspired against Plaintiff" render the petition legally sufficient. See Fletcher v. Wheat, 69 App.D.C. 259, 100 F.2d 432, 434.