Florence O'CAMPO, Plaintiff,

v.

Edna HARDISTY, Paul H. Wright, R. V. Rushford, N. P. Hughes and N. Drakulich, Defendants.

Civ. No. 8674.

United States District Court
D. Oregon.

Nov. 9, 1956.

Reuben G. Lenske, Portland, Or., for plaintiff.

C. E. Luckey, U. S. Atty., and Edward J. Georgeff, Asst. U. S. Atty., Portland, Or., for defendants.

SOLOMON, District Judge.

Plaintiff, a nursing home operator, filed an action in the state court for actual and punitive damages against four employees of the Internal Revenue Service and a former employee of plaintiff for an alleged conspiracy to ruin and destroy her business and reputation. She alleged that defendants wrongfully obtained and disclosed to each other the names and addresses of persons who were responsible for her patients and that they advised such persons that their wards and relatives must be removed from the nursing home because it was to be closed. As a result, eleven of plaintiff's fifteen patients were removed from the nursing home.

The four federal employees removed the case to this court. The petition for removal alleges that the petitioners are employees of the Internal Revenue Service; that plaintiff was delinquent in the payment of withholding taxes for eight quarterly periods; that plaintiff was informed that a distraint action was contemplated by the Internal Revenue Service unless she paid her delinquent taxes; that plaintiff failed and refused to pay these taxes; that a Notice of Seizure and Sale was served by the Internal Revenue Service but that the nursing home was not padlocked because of the aged and bedridden patients; that the guardians and relatives of these patients were notified of the Government's action and were advised that arrangements should be made for their future care. Plaintiff paid her delinquent taxes on the day following the seizure of the nursing home, and the federal tax liens were released.

On July 6, 1956, and after the case had been removed to this court, requests for admissions of facts were served upon the plaintiff. The request specified that answers be made within ten days.

On July 19, 1956, defendants moved for a summary judgment based upon the facts deemed admitted by plaintiff's failure to answer such requests for admissions, pursuant to Rule 36(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A.

Likewise, on July 6, 1956, interrogatories were served upon the plaintiff to be answered within 15 days thereof. These interrogatories as well as the request for admissions still remain unanswered.

On August 31, 1956, defendants filed a motion to dismiss based upon plaintiff's failure to answer the interrogatories and also on other grounds, one of which was that the acts charged to these defendants were done within the scope of their official duties and that they were acting under color of office and are therefore immune from suit.

These motions were set for hearing for September 17, 1956, and at such time plaintiff's attorney appeared and stated

that he was objecting to the jurisdiction of the court and that he had not answered either the interrogatories or the requests for admissions because he believed that by answering either of them he would voluntarily submit to the jurisdiction of the court. Plaintiff was thereupon notified that there was no substance to that fear; that this court is a court of limited jurisdiction and that jurisdiction could not be conferred by consent of the parties.

Because of the inability of Government counsel to appear on behalf of the answering defendants, the hearing was postponed until Monday, September 24. At that time plaintiff again objected to the jurisdiction of this court, relying on Ampey v. Thornton, D.C.Minn.1946, 65 F.Supp. 216.

■ Although no formal motion to remand this case to the state court has been made, whenever it is suggested that a federal court lacks jurisdiction, it will, on its own motion, consider that question.

The removal statute, Title 28 U.S.C.A. § 1442(a) (1), provides that:

"A civil action * * * commenced in a State court against any of the following persons may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending: * * * Any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for * * * the collection of the revenue."

The petition for removal states generally that "petitioners were acting solely under color of their respective offices." It is also alleged with specificity facts which show that their actions in advising the guardians and relatives of plaintiff's patients of the proposed seizure of the nursing home for failure to pay taxes were acts done under color of office.

The facts exclude the possibility that any of the acts connected with the matters alleged in plaintiff's complaint were not justified by their official duties.

■ Even though the facts showing removability do not appear in the complaint, such facts may be supplied in the petition for removal. Gay v. Ruff, 292 U.S. 25, 54 S.Ct. 608, 78 L.Ed. 1099.

Ampey v. Thornton, supra, is not in point. There an F.B.I. agent, while attempting to learn the whereabouts of a fugitive, slandered plaintiff. The court remanded the case to the state court on the ground that the agent's slanderous statements were not part of his official duties. The court also expressed doubts as to whether an F.B.I. agent was "an officer of the court" within the meaning of the removal statute as it existed at the time. [65 F.Supp. 218.]

Historically, the provision in the removal statute relating to federal employees arose out of the interference of some states, notably South Carolina, with the collection of customs. It as enacted to combat the attempted nullification of national revenue statutes. State of Tennessee v. Davis, 100 U.S. 257, 25 L.Ed. 648. Therefore, originally, it was limited to civil actions or criminal prosecutions "for or on account of any act done under the revenue laws of the United States * * *." Act of March 2, 1833, c. 57, § 3, 4 Stat. 633.

Other designated employees of the United States were added subsequently by amendment to the list of federal employees protected by the statute. The present language, with its wide coverage, was enacted in 1948. This was two years after the Ampey decision.

■ The facts alleged in the complaint and in the petition for removal clearly show that the criticized conduct of the defendants occurred in the exercise of their official duties. Therefore, under the present statute, the case may be removed to the Federal court. Logemann v. Stock, D.C.Neb.1949, 81 F.Supp. 337;

De Busk v. Harvin, 5 Cir., 1954, 212 F.2d 143.

"It is not merely cases against officials whose conduct is blameless that are removable. Those may be also removed in which it may ultimately be determined that misconduct was involved, if it was committed under color of office." Logemann v. Stock, supra [81 F.Supp. 339].

Defendants moved to dismiss plaintiff's action under Rule 37(d), Federal Rules of Civil Procedure, because of plaintiff's failure to answer the interrogatories served in accordance with Rule 33. Defendants' motion to dismiss is denied even though it would have been better practice to have answered these interrogatories or to have obtained an order relieving plaintiff of the responsibility of so doing until the jurisdictional questions were resolved.

If the requests for admissions, served pursuant to Rule 36(a), are deemed admitted by the plaintiff's failure to answer such requests, summary judgment must be allowed. These admissions show that the acts of the petitioners were all done under color of office and in connection with their official duties. However, I find that the oral admissions made by counsel during the hearing to the effect that some of the defendants' acts were in connection with their official duties affords an ample basis upon which to allow summary judgment.

If the acts were done in relation to, or more or less in connection with, the general matters committed by law to their control and supervision, a federal employee is immune from suit. Cooper v. O'Connor, 1938, 69 App.D.C. 100, 99 F.2d 135, 118 A.L.R. 1440, certiorari denied 305 U.S. 643, 59 S.Ct. 146, 83 L. Ed. 414, rehearing denied 305 U.S. 673, 59 S.Ct. 242, 83 L.Ed. 436, and 307 U.S. 651, 59 S.Ct. 1035, 83 L.Ed. 1529; Tinkoff v. Campbell, D.C.Ill.1949, 86 F.Supp. 331.

Defendants' motion for summary judgment is therefore granted.