John L. WOZENCRAFT, Appellant,

v.

Francis J. CAPTIVA, Appellee.

No. 19686.

United States Court of Appeals
Fifth Circuit.

March 6, 1963.

John F. Bryan, III, Pascagoula, Miss., for appellant.

Robert E. Hauberg, U. S. Atty., E. R. Holmes, Jr., Asst. U. S. Atty., Jackson, Miss., Edward Groobert, Morton Hollander, Attys., Dept. of Justice, Washington, D. C., Joseph D. Guilfoyle, Acting Asst. Atty. Gen., for appellee.

Before CAMERON, BROWN and WISDOM, Circuit Judges.

PER CURIAM.

This is an appeal from a summary judgment dismissing Plaintiff-Appellant's claim. The case arose out of internal discipline within the United States Department of Interior, Fish and Wildlife Service, Bureau of Commercial Fisheries, which resulted in the discharge of Plaintiff as an employee for inefficiency. The discharge proceedings were initiated upon a report concerning the work of Plaintiff as Chief Engineer on the M/V George M. Bowers. This report was made by the Defendant (Plaintiff's immediate superior) in his official capacity and in the course of the normal duties and functions of his office. Not here seeking direct judicial review of his discharge, cf., Greene v. McElroy, 1959, 360 U.S. 474, 79 S.Ct. 1400, 3 L.Ed.2d 1377, the Plaintiff resorted to an action for libel for his judicial recourse. Plaintiff sued in the Mississippi state court alleging that the Defendant had maliciously libelled him. The suit was removed to the Federal District Court under 28 U.S. C.A. § 1442(a). Plaintiff now argues that under Mississippi law, malice of the reporting officer would take the report out of the category of privileged matter. Assuming this to be a correct statement of Mississippi law, it does not aid Plaintiff. This is an action involving the employment, tenure, and discipline of one federal employee and the related official actions of another federal employee. This makes it a matter of federal law. This being true, the report was a privileged communication. Barr v. Matteo, 1959, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434; Howard v. Lyons, 1959, 360 U.S. 593, 79 S.Ct. 1331, 3 L. Ed.2d 1454; Spalding v. Vilas, 1896, 161 U.S. 483, 16 S.Ct. 631, 40 L.Ed. 780; DeBusk v. Harvin, 5 Cir., 1954, 212 F. 2d 143. The summary judgment appealed from was correct.

Affirmed.