**514 CITIZENS AND TAXPAYERS OF the TOWN OF EPPING, NEW HAMPSHIRE, and the Epping Friendship League**

v.

**Thomas W. FECTEAU, Parlmont Realty Trust, E. F. Bagley, H. J. O'Malley, and Laurence F. O'Brien.**

**Civ. A. No. 2723.**

United States District Court
D. New Hampshire.

Nov. 21, 1966.

Shute & Engel, David C. Engel, Exeter, N. H., for plaintiff.

Alfred Catalfo, Jr., Dover, N. H., for defendant Thomas W. Fecteau.

Louis M. Janelle, U. S. Atty., Concord, N. H., for defendants E. F. Bagley, H. J. O'Malley and Laurence F. O'Brien.

ORDER ON PETITIONEES' REQUEST FOR DENIAL OF PETITIONERS' PETITION FOR REMOVAL

CONNOR, District Judge.

This case has come to this court on a petition for removal by certain federal officers pursuant to 28 U.S.C.A. § 1442 (a) (1).

Petitionees object to the removal of this case from the state court on the grounds that E. F. Bagley, H. J. O'Malley and Laurence F. O'Brien, federal postal officers, were not acting under color of their offices when they performed the acts complained of in the Complaint but, on the contrary, were acting in their individual capacities.

In Logemann v. Stock, 81 F.Supp. 337, 339 (D.C.Neb.1949), the court stated: "It is not merely cases against officials whose conduct is blameless that are removable. Those may be also removed in which it may ultimately be determined that misconduct was involved, if it was committed under color of office. The statute provides that actions within its definition may be brought here, not necessarily or invariably for the absolution from fault or liability of the defendant in the state court, but rather for the trial upon its merits of that very question in this court free from the impact of local interest or prejudice. Accordingly, color of office may be predicable of acts of an officer which may ultimately be proved to have been groundless, mistaken or wrongful." In order to effectuate the purpose of this statute, it must be liberally construed. As the court stated in State v. Sullivan, 50 F. 593, 594 (Cir.Ct.W.D.N.C.1892): "It certainly cannot be considered as unjust and unreasonable for the federal government to assert the constitutional and essential right to investigate in its own courts the alleged wrongful conduct of its own officers when acting under color of its authority, and in obedience to its mandates."

The United States Attorney in the petition for removal and at the hearing on this motion indicated that the plaintiffs seek to enjoin the United States of America from acquiring land for a new Post Office building and site in the Town of Epping. The federal officers named in the Complaint have been engaged in acquiring the above-mentioned land as part of their official functions and, therefore, the Court is of the opinion that they have acted under the color of their respective offices and that this case is properly before this court under 28 U.S.C.A. § 1442(a) (1).

The petitionees' request for denial of the removal petition is denied.