James A. **HOUTENVILLE**, Plaintiff,

v.

Lois **DUNAHOO** et al., Defendants.
No. EC6774.

United States District Court
N. D. Mississippi, E. D.
May 21, 1968.

Hunter M. Gholson, Columbus, Miss., for plaintiff.

H. M. Ray, U. S. Atty., and Roger M. Flynt, Jr., Asst. U. S. Atty., Oxford, Miss., for defendants.

CLAYTON, Circuit Judge.

## MEMORANDUM OPINION.

This action originated in the Circuit Court of Lowndes County, Mississippi, where the plaintiff filed a declaration charging the defendants, Lois Dunahoo, Gwen W. Howell and Joanna Rhyne, with the making of false, malicious and knowingly defamatory statements to officers of the United States Air Force and others having to do with plaintiff's employment as manager of the Exchange Services Store at Columbus Air

Force Base in Columbus, Mississippi. These statements are alleged to have been made verbally and in writing and are said to contain actionable words within the meaning of § 1059, Mississippi Code Annotated, and are said to constitute libel and slander. Furthermore, it is asserted that said statements were known by the defendants to be false and were made for the malicious purpose of causing the plaintiff to lose his position as manager of the aforementioned base exchange.

On November 22, 1967, the defendants, pursuant to 28 U.S.C.A. § 1442(a) (1), filed a petition for removal, and no question is here presented as to the propriety vel non thereof. Afterward, defendants filed a motion to dismiss or, alternatively, for summary judgment pursuant to Rule 56, Federal Rules of Civil Procedure, and this motion has been submitted on briefs. Additionally, in support of the present motion, each of the defendants has submitted an affidavit. Two other affidavits are also on file in support thereof. Although given ample opportunity to do so, the plaintiff elected not to file opposing affidavits. This motion, so submitted, is presently for disposition.

At the outset, the defendants urge that the declaration fails to state a claim upon which relief can be granted. Looking to the present declaration and applying the applicable standard,[1] it seems clear that the initial ground for the present motion is not well taken. The court so holds.

But, this is not dispositive since matters outside this pleadings have been presen; d here, this motion must be treated as one for summary judgment under the provisions of Rule 56, Federal Rules of Civil Procedure. This rule in its applicable portion provides that "the judgment sought shall be rendered forthwith if the pleadings * * * to-

---

1. "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

gether with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law". Rule 56(c). This rule further provides that "when a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

■ As the alternative basis for this motion, the defendants assert that as employees of the United States acting within the scope of their official authority they are immune from this suit. It is well settled that officers and agents of the United States are not generally personally liable for acts done by them within the scope of their delegated authority, e.g., De Busk v. Harvin, 212 F.2d 143 (5 Cir.1954); Spalding v. Vilas, 161 U.S. 483, 16 S.Ct. 631, 40 L.Ed. 780 (1896). This immunity has been recognized in cases involving defamation. Barr v. Matteo, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959). In Fowler v. Southern Bell Telephone and Telegraph Company, 343 F.2d 150 (5 Cir. 1965), it was recognized that this immunity should not be sustained as a defense absent "a clear and specific factual demonstration that the actions of the officers were indeed taken in pursuance of their official duties". 343 F.2d at 155. As the justification for this immunity, it has been stated that "officials of government should be free to exercise their duties unembarrassed by the fear of damage suits in respect of acts done in the course of those duties—suits which would consume time and energies which would otherwise be devoted to governmental service and the threat of which might appreciably inhibit the fearless, vigorous, and effective administration of policies of government". Barr v. Matteo, supra, 360 U.S. at 571, 79 S.Ct. at 1339, 3 L.Ed.2d at 1441.

■ The defendants as the movants have the burden of positively and clearly demonstrating that there is no genuine issue of material fact here presented and that, consequently, they are entitled to judgment as a matter of law. National Screen Service Corporation v. Poster Exchange, Inc., 305 F.2d 647 (5 Cir. 1962); Heyward v. Public Housing Administration, 238 F.2d 689 (5 Cir.1956). Looking to the uncontradicted affidavits on file herein to determine whether the defendants have sustained that burden, it is alleged that: Captain Robert N. McQueen was appointed by the commander of the 454th Combat Support Group (SAC), Columbus Air Force Base, Mississippi, to conduct an investigation into the plaintiff's operation of the Columbus Air Force Base Exchange. This investigation was conducted under the provisions of Air Force Manual 120–3, and during the course thereof, written statements were taken by McQueen from the defendants who were at the time employees of the base exchange. Each defendant in his affidavit asserts that the statement given by him to McQueen was given "only because I was an employee of the base exchange and was requested to do so by said investigating officer incident to his investigation". It is also asserted that these statements were not furnished to anyone else and permission was not given for their use, except in connection with the official investigation under way.[2]

■ Thus, the question presented is whether *vel non* the defendants have made a sufficient factual demonstration that their acts, in the giving of the statements forming the basis for this action, were in pursuance of their official duties. In light of the aformen-

---

2. It appears, however, that these statements were released to counsel for the plaintiff here to assist said counsel in the representation of the plaintiff at a grievance hearing.

tioned uncontradicted assertions made in the affidavits in support of the present motion and being mindful of the fact that Rule 56 clearly warns that unsupported allegations or denials in a party's pleadings are not sufficient to preclude the entry of summary judgment, this question must be answered in the affirmative. Based on this record, this is clearly a situation where the defendants, as government officials, need and should be afforded the protection offered by the doctrine of governmental immunity. To conclude otherwise, would substantially hamper, if not eliminate, the effective management of smaller government enterprises such as the Exchange Services Store here involved.

An order will be entered in accordance herewith.